**INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46837.

Court of Criminal Appeals of Texas.

June 6, 1973.

Joseph (Sib) Abraham, Jr., and Anthony C. Aguilar, El Paso, for appellant.

Steve Simmons, Dist. Atty., William B. Hardie, Jr., Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a bond forfeiture case.

The record reflects that on May 11, 1971, Jose Acosta was arrested for driving while intoxicated, subsequent offense. A true bill was returned for the said offense on August 5, 1971. On August 30, 1971, Jose Acosta, the principal, was released on bond with the International Fidelity Insurance Co. acting as surety. The principal failed to appear for his trial on December 5, 1972. A judgment nisi was entered on December 8, 1972, in the amount of $750.00 with Jose Acosta as principal and International Fidelity Insurance Co. as surety. A hearing was held on January 9, 1973, for the appellants to show cause why the bail bond in the judgment nisi should not be forfeited. The court found that no cause was shown to exonerate the surety and principal from liability and entered a final judgment of forfeiture on January 10, 1973.

The sole ground of error on appeal is that the principal failed to appear because of an "uncontrollable circumstance which prevented his appearance in court." He relies upon Article 22.13, Sec. 3, Vernon's Ann.C.C.P., as a cause to exonerate him-

self and his surety. Such Article states in part:

"The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

.    .    .    .    .    .

3.  The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part.   .   .   ."

The principal's contention is that he was not notified of the date to make his personal appearance. The bond reads in part as follows:

"Now, if the said principal shall well and truly make his personal appearance before the said court on the instanter, and further, shall well and truly make his personal appearance before any Court or Magistrate to which said charge may be transferred or before whom this cause may hereafter be pending at any time when, and any place where his presence may be required   .   .   .   for all subsequent proceedings had relative to said charge and there remain from day to day and term to term until discharged by due course of law   .   .   ."

Article 17.08, Sec. 5, V.A.C.C.P., states in part:

"A bail bond shall be sufficient if it contains the following requisites:   .   .   .

5.   .   .   .   The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate;   .   .   ."

We conclude that the bond itself which meets the requisites of Article 17.08, Sec. 5, supra, suffices to give the principal notice as to when he was to appear. The

principal has not shown an uncontrollable circumstance which prevented his appearance at court. Cena v. State, Tex.Cr.App., 422 S.W.2d 730.

The judgment is affirmed.