Mary FERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 49401.

Court of Criminal Appeals of Texas.

Dec. 18, 1974.

Lloyd W. Westerlage, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a bond forfeiture proceeding. The appellant, Mary Fernandez, served as surety on an appearance bond for one Aler Roy Andrada, who was charged with the misdemeanor offense of driving while intoxicated. The principal, Andrada, failed to appear in court when the case was called on April 9, 1974, and a judgment nisi declaring a forfeiture of the bond was entered on that date. See Art. 22.02, Vernon's Ann.C.C.P.

On June 14, 1974, after proper citations had issued, the judgment of forfeiture was made final.

Appellant raises two contentions in this appeal.[1] The first urges that she was enti-

1. The record is before us without a transcription of the reporter's ntoes from the show cause hearing on the judgment of forfeiture. Nevertheless, we have reviewed appellant's contentions insofar as they do not require a review of evidence presented.

tled to exoneration from the forfeiture under the terms of Art. 22.13, V.A.C.C.P. Subsection three of that statute provides that exoneration may be had on a showing that the principal failed to appear due to sickness or other uncontrollable circumstance such that his failure to appear arose from no fault on his part.

Appellant directs us to a letter, included in this record, from the Sheriff of Tarrant County, dated April 30, 1974. That document states that, as of that date, the principal Andrada was in custody in the Tarrant County jail charged with driving while intoxicated in Tarrant County, and that he was being held on a Dallas County capias issued in the driving while intoxicated case out of which this proceeding arose.

We have held, as appellant notes, that incarceration in a jail or penitentiary in this or another state is an exonerating circumstance beyond the control of the principal, and not arising through fault on his part. See James v. State, 413 S.W.2d 111 (Tex.Cr.App.1967), and cases there cited.

However, those decisions are not applicable to this case, for here there is no showing whatever that the principal was incarcerated on the date of his failure to appear, April 9, 1974. The aforementioned letter, dated April 30, does not indicate that the principal was in custody on April 9, or on any other date prior to the date of the letter.

■ Such incarceration may well have prevented the principal from appearing before the final judgment on the forfeiture. However, the principal's appearance prior to the final judgment, or proof of sufficient cause for his absence, is merely *additional* matter which must be shown in order for the surety or principal or both to obtain exoneration from liability on the forfeiture. Art. 22.13, supra, clearly contemplates that a principal may have had good cause for his original failure to appear, and yet may continue to be liable on the forfeiture for failure to appear before final judgment. In order to obtain exoneration, the principal and his sureties must show an uncontrollable circumstance, not the fault of the principal, which prevented him from appearing before the forfeiture was taken and the principal must appear before the entry of the final judgment or show sufficient cause for his failure to do so. Both elements are required. See Art. 22.13, Sec. 3, supra.

■ In the instant case, the surety-appellant has shown at most that there was a sufficient cause for the failure to appear before the final judgment. There is no evidence before us regarding the principal's failure to appear when called on April 9, 1974.

■ Appellant also urges that she is entitled to a remittitur of all or a portion of the bond. Reliance is had on Art. 22.16, V.A.C.C.P., which states:

"If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond."

Appellant has pointed to no evidence which shows an abuse of discretion on the part of the court. Compare Bowen v. State, 413 S.W.2d 915 (Tex.Cr.App.1967) and Gibson v. State, 401 S.W.2d 822 (Tex. Cr.App.1966).

Appellant also urges that she is entitled to a remittitur of at least 50 per cent of the sum of the bond under the terms of Art. 2372p–3, Sec. 12(a), Vernon's Ann. Civ.Stat. That provision states:

"In each instance where a principal has been rearrested and returned *to the county wherein his bond was made within 120 days after the date of the final judgment* on the bond forfeiture *and no appeal has been taken and provided that the principal was rearrested as a result of money spent or information furnished*

*by the surety,* the surety thereon may file a motion of remittance in the court commanding the appearance of the principal and the court shall order at least 50 per cent of the amount paid on the judgment remitted . . ." . (Emphasis added)

 Appellant has not shown compliance with the terms of the statute. Assuming that the arrest in Tarrant County and subsequent custody there under the Dallas capias may be said to be equivalent to a return "to the county where the bond was made," nevertheless appeal *has* been taken, and there is no showing whatever that the arrest of the principal in Tarrant County was made as a result of money spent or information supplied by the appellant.

There has been no showing that the court abused its discretion in refusing to grant remittitur, nor has appellant shown any entitlement thereto as a matter of right.

The judgment is affirmed.