**S. L. DECKARD, Sr. d/b/a Deckard Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65873.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 26, 1980.

Louis A. Joseph, San Antonio, for appellant.

Bill M. White, Dist. Atty. & Barry P. Hitchings & Jerry Rosson, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

This is an appeal by S. L. Deckard, Sr. d/b/a Deckard Bail Bonds as Surety from a

final judgment forfeiting a $10,000.00 appearance bond.

■ At the outset the appellant contends that the trial court erred in granting summary judgment against the appellant because the bond upon which the forfeiture was predicated and the judgment nisi were never introduced into evidence.

The State's motion for summary judgment recites that it is based on a certified copy of the bail bond executed in this case, a certified copy of the judgment nisi entered in this case, and an affidavit of the clerk of the court that the certified copies of the bond and judgment nisi are true and correct copies of the original instruments which are on file in the Court. The record on appeal in this Court, in addition to the final judgment of forfeiture, contains a certified copy of the judgment nisi with the Sheriff's return, the original appearance bond and the trial court's docket sheet reflecting the original order of forfeiture. The record is sworn to as true and correct by a deputy district clerk. The actual attachment of the documents to the motion for summary judgment was unnecessary because they appear to have been already a part of the trial court's record in this case. See *Escobar v. State*, 587 S.W.2d 714 (Tex. Cr.App.1979) and the cases cited therein. No error is shown.

■ The appellant next contends that the trial court erred in granting judgment against the appellant, because the State had waited more than four years between the date when the principal failed to appear in court and the date of the signing of the judgment nisi. Essentially, it appears that the appellant is arguing that the signing of the judgment nisi was barred by the four year general statute of limitations. Art. 5527, V.A.C.S.

The record in this case reflects that the appearance bond was originally executed on October 11, 1974. The judgment nisi reflects that the principal failed to appear in the 175th Judicial District Court on July 10, 1975. The certified copy of the docket sheet reflects that the bond was ordered

forfeited at that time. The judgment nisi itself, however, was not signed until July 23, 1979.

Art. 22.02, V.A.C.C.P. provides for the manner of taking the forfeiture of an appearance bond. This Article specifies that the defendant's name shall be called distinctly at the courthouse door and then that if he does not appear within a reasonable time, judgment shall be entered that the State recover of the defendant and his sureties the amount of money in which they are respectively bound by the bond. The judgment shall also state that it will be made final unless good cause is shown by the defendant why he did not appear.

■ Art. 22.10, V.A.C.C.P. provides that when a forfeiture has been declared and the case has been docketed upon the civil docket, "the proceedings had thereon shall be governed by the same rules governing other civil suits." In civil cases where no written judgment has been entered during the term a judgment may be entered after the term at which it was rendered has ended. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56 (Tex.Sup.1970); *Texas Rubber Supply, Inc. v. Jetslide International, Inc.*, 466 S.W.2d 279 (Tex.Sup.1971). The same rule has been adopted by this Court in bond forfeiture cases. *Alvarez v. State*, 605 S.W.2d 615 (1980).

It is clear on the basis of the record before us that the appearance bond in this case was ordered forfeited by the trial court on July 10, 1975. *Southwestern Bell Telephone Co. v. Griffith*, 575 S.W.2d 92 (Tex. Civ.App.–Corpus Christi, 1978 n. r. e.); *Elston v. Sherman Coca–Cola and Dr. Pepper Co.*, 596 S.W.2d 215 (Tex.Civ.App.–Texarkana, 1980 n. r. e.). The fact that the formal written judgment nisi was not signed until July 23, 1979 does not exonerate the appellant from liability under the bond.

■ Assuming arguendo that a question of limitations is presented, we note that Art. 5517, V.A.C.S. provides that the rights of the State shall not be barred by any provision of Title 91, entitled "Limita-

tions" of the Revised Civil Statutes. *Hemphill County v. Adams*, 408 S.W.2d 926 (Tex.Sup.1966). See also 37 Tex.Jur.2d, Limitations of Actions, Sec. 27, Page 120. Nor is laches available in a suit against the State. *City and County of Dallas Levee Improvement District v. Carroll*, 263 S.W.2d 307 (Tex.Civ.App.–Dallas, 1953 n. r. e.). See also Texas Attorney General Opinion No. H–2 (1973). In granting and enforcing bail bonds in criminal cases the State is performing a governmental function and it is not subject to the general four year statute of limitations.

The judgment is affirmed.