Duane **MITCHELL, Prin. and J. Manuel Banales, Surety (Number 13–81–162–CR) and Janice Mitchell aka Janice Schendel, Prin. and J. Manuel Banales, Surety (Number 13–81–163–CR), Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–81–162–CR, 13–81–163–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1982.

Rehearing Denied May 6, 1982.

**154**

J. Manuel Banales, Corpus Christi, for appellants.

Knute L. Dietze, Criminal Dist. Atty., Victoria, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

These are joint appeals from bond forfeiture proceedings which were consolidated by order of the Court of Criminal Appeals. The appellant, J. Manuel Banales, served as surety on the appearance bonds for both Duane Mitchell and wife Janice Mitchell. The cases were called for trial on January 20, 1981, and both principals failed to appear in court. The judgment nisi declaring a forfeiture on both bonds was entered on that date. After proper citations had issued the trial court granted the State's motion for summary judgment in both causes and judgments were entered as of April 23, 1981.

Appellant's only ground of error in both cases is that the trial court erred in granting the State's motion for summary judgment. Appellant claims that the motion for summary judgment should not have been granted because his affidavit and exhibits raised a fact issue of exoneration under art. 22.13(3) Tex.Code Crim.Pro. (Vernon 1966) which provides as follows:

"The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part."

Appellant's affidavit in opposition to the motion for summary judgment contains numerous hearsay and conclusory statements regarding the reasons for the principals' failure to appear as well as their present and future intentions. Such testimony would not be admissable in a trial on the merits. *Garza v. Allied Finance Co.*, 566 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Berger v. Berger*, 578 S.W.2d 547 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Appellant relies upon a "taxgram via Graphnet" a type of mailgram or telegram which reads as follows:

"I am on one year assignment in Asia with my wife, Janice, will return October of 1981

Duane Mitchell"

This communication was purportedly sent to appellant on January 13, 1981. There was no showing that either of the principals were prevented from appearing due to sickness or other uncontrollable circumstances through no fault of their own on January 20, 1981 when the cases were set for trial. *Fernandez v. State*, 516 S.W.2d 677 (Tex.Cr. App.1974), *Smith v. State*, 566 S.W.2d 638 (Tex.Cr.App.1978).

Although appellant in his affidavit plead an affirmative defense it was his burden to show the existence of facts with respect to such affirmative defense. This he did not do. *Town North Nat. Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978), *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex. Civ.App.—Corpus Christi 1980, no writ).

There was no genuine issue as to any material fact and the State was entitled to

judgment as a matter of law. *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969), *Deckard v. State*, 605 S.W.2d 918 (Tex.Cr.App.1980).

Judgment of the trial court is affirmed.