John BURNS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–499–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 18, 1991.

Rehearing Overruled Aug. 22, 1991.

Stanley G. Schneider, W. Troy McKinney, Houston, for appellant.

Tom McCoppin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is a bond forfeiture case. The trial court granted summary judgment in favor of the State and the surety appealed. Appellant brings nine points of error, complaining that summary judgment was improper because of various irregularities in the forfeiture procedure and because of defects in the bond itself. We affirm.

On April 8, 1988, Pedro Alvarez was indicted for the felony offense of delivery of a controlled substance. Bond was orginally set at $500,000.00. On April 9, 1988, Alvarez appeared with counsel in the 338th district court, which ordered his bond lowered to $100,00.00. On April 10, 1988, John Burns, as surety, executed an appearance bond in the amount of $100,000.00 on behalf of Alvarez, as principal. On April 11, 1988, the State filed a motion for no bond. A hearing on this motion was set for April 14, 1988. The court coordinator for the 338th district court mailed a notice of setting to John B. Burns Bonding Company at 609 Houston Ave., the same address listed on the bond. On April 14, 1988, Alvarez failed to appear and the court ordered his bond forfeited. On April 15, 1988, the court signed a judgment nisi and issued citation. John Burns answered on April 14, 1988. Although Burns's answer reflects that it was filed on behalf of himself and Alvarez, there is nothing in the record to show that Alvarez was served with citation or that Alvarez made an appearance in this cause. On November 21, 1989, the State filed a motion for summary judgment. On December 28, 1989, Burns filed a reply. On March 1, 1990, the trial court granted the State's motion and entered a final judgment for the State.

In his first two points of error, appellant contends that the trial court erred in granting summary judgment for the State because the State failed to establish notice as a matter of law. Appellant asserts a fact issue existed concerning notice to the principal to appear on April 14, 1988.

■ In moving for summary judgment in a bond forfeiture case, the State has the burden of establishing that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law. *Deckard v. State*, 615 S.W.2d 717, 718 (Tex.Crim.App.1981). The

essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judgment nisi. *Id.* In a motion for summary judgment on a bond forfeiture, there are only four fact issues: whether the surety executed the bond as a valid and binding undertaking; whether the principal's name was called at the courthouse door; whether the principal failed to appear; and whether the principal had a valid reason for not appearing. *Lopez v. State*, 678 S.W.2d 197, 198 (Tex. App.—San Antonio 1984, no pet.).

The State's summary judgment evidence included the bond and judgment nisi. Both comply with the statutory requirements. TEX.CODE CRIM.PROC.ANN. art. 17.08, 22.02 (Vernon 1989). Appellant contends there is a fact issue concerning whether the principal had a valid reason for not appearing at the April 14th hearing on the State's motion for no bond. Specifically, he argues that the principal did not receive notice of the April 14th hearing. In so arguing, appellant asserts that the principal's failure to appear was due to an uncontrollable circumstance. Article 22.13 of the Code of Criminal Procedure provides in part:

> The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:
>
> 3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, *unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.* (Emphasis added).

■ Article 22.13 is an affirmative defense and the burden is on appellant to show the existence of facts with respect to that defense. *Mitchell v. State*, 632 S.W.2d 153, 154 (Tex.App.—Corpus Christi 1982, no pet.). Appellant points out that when the bond was executed on April 10th,

it contained a handwritten notation indicating that the principal was to appear on May 3rd instead of April 14th. Appellant concedes that notice of the April 14th hearing was sent to "John B. Burns Bonding Company," at 609 Houston Ave., but notes that it was not signed by the trial judge. He further states that the State's motion for no bond does not contain a certificate of service and there is no evidence that the motion was sent to anyone. Appellant also refers to the affidavit of the principal's attorney, Wendi Akins, stating that she did not receive notice of the hearing and, thus, did not notify her client.

■ As a condition of the bond, the principal was required to appear before the court "instanter" or "as called." That language was sufficient and proper notice of when the principal was to appear. *Yarbrough v. State*, 703 S.W.2d 645, 647 (Tex. Crim.App.1985); *Serrano v. State*, 804 S.W.2d 543, 545 (Tex.App.—Houston [14th Dist.] 1991, no pet.). The principal did not appear before the court on April 14th, as called, or at anytime before the final judgment. Since the principal neither appeared before the final judgment nor submitted a controverting affidavit showing sufficient cause for his failure to do so, no fact issue was presented. *Swaim v. State*, 498 S.W.2d 188, 192 (Tex.Crim.App.1973) (opinion on State's second motion for rehearing); *Bowen v. State*, 413 S.W.2d 915, 916–917 (Tex.Crim.App.1967). Hence, summary judgment in favor of the State was proper. We overrule appellant's first and second points of error.

■ In his third point of error, appellant contends that Articles 17.09 and 22.13 of the Code of Criminal Procedure are unconstitutional to the extent that they do not require actual notice, or to the extent that they provide that the instanter language of the bond is sufficient actual notice. Appellant argues that the lack of a notice requirement violates his due process rights.

Article 17.09 says nothing about notice. It merely provides that a bond may bind a defendant to appear throughout a criminal proceeding without the necessity of requiring a new bond at various stages of the

proceeding. It also sets out the procedure by which the court may require a new bond. Article 22.13 provides that lack of actual notice is an uncontrollable circumstance which may exonerate a principal and his surety from liability upon a forfeiture. Since neither of the statutes cited by appellant provide that actual notice is not required before forfeiture of an appearance bond, appellant's contention that they are unconstitutional for that reason is without merit. Appellant has the burden of showing that the operation of these statutes is unconstitutional as applied to him. *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim. App.1981); *Blanco v. State*, 761 S.W.2d 38, 41 (Tex.App.—Houston [14th Dist.] 1988, no pet.). By failing to present sufficient summary judgment evidence regarding the lack of actual notice to the principal, appellant failed to carry that burden. We overrule appellant's third point of error.

In his fourth point of error, appellant contends that summary judgment was improper because no valid bond existed to forfeit. Appellant asserts that on April 14, 1988, the trial court revoked the principal's bond and ordered no bond. As a result, appellant argues there was no valid bond that could be forfeited by the judgment nisi entered on April 15th.

The record clearly reflects that the State's motion for no bond was granted on April 14th and that the judgment nisi was entered on April 15th. There is nothing in the record that reflects the principal's bond was revoked. The docket sheet attached to the State's motion to file certified records shows that the principal's bond was forfeited and *then* "new bail fixed in the sum of no bond" (Emphasis added). Appellant responds that a docket sheet entry does not constitute a valid order of the court and is not part of the record, citing *Ranier v. Brown*, 623 S.W.2d 682 (Tex.App.—Houston [1st Dist.] 1981, orig. proceeding). The court in *Ranier* explained that:

> Judgments and orders of courts of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitute for such records; docket en-

tries, affidavits and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court.

623 S.W.2d at 684.

We agree that the court can only act by orders duly recorded in its minutes and that the record proper and not the docket entry is the authoritative evidence of the court's action. *Walls v. State*, 273 S.W.2d 875, 876 (Tex.Crim.App.1954); *Gary v. Vick*, 203 S.W.2d 869, 870 (Tex. App.—El Paso 1947, no writ); *Witty v. Rose*, 148 S.W.2d 962, 964 (Tex.App.—El Paso 1941, writ dism'd). The State, however, does not contend that the docket entry constitutes an order of the court, rather, it asserts that the entry is merely evidence of what occurred in the trial court. As such, it was proper evidence. *Deckard v. State*, 608 S.W.2d 675, 676 (Tex.Crim. App.1980). Specifically, it was evidence that the bond was forfeited before the trial court fixed a new bond of no bond. We overrule appellant's fourth point of error.

In his fifth point of error, appellant contends that summary judgment was improper because the bond was not a valid and binding undertaking. Appellant contends there is a fact issue concerning the proper amount of the bond. He asserts that since the only judicial order in the case set bond at $500,000.00, the $100,000.00 bond was insufficient as a matter of law and, thus, not a valid and binding undertaking. In other words, in the absence of an order reducing the bond, the only valid bond was for $500,000.00. Appellant does not contend that the order reducing the bond was unauthorized or improper.

On April 9, 1988, the principal was given his statutory warnings in English and Spanish and the magistrate set bond at $500,000.00. The docket sheet reflects that on that same date, the principal's bond was lowered to $100,000.00. As discussed previously, this was proper evidence of what occurred in the trial court. *Deckard*, 608 S.W.2d at 676. In addition, a written transmittal from the Harris County Clerk to the Harris County Sheriff refers to the court's order lowering the bond. Although the

order reducing the bond is not in the record, clearly the trial court entered such an order. Only one bond appears in the record and it was set at $100,000.00. That bond was a valid and binding undertaking. We overrule appellant's fifth point of error.

In his sixth and seventh points of error, appellant contends that summary judgment was improper because a fact issue existed concerning whether the principal's name was called at the courthouse door as required by TEX.CODE CRIM.PROC.ANN. art. 22.-02.

Section 22.02 provides as follows:

Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

■ Only substantial compliance with article 22.02 is required. *Tocher v. State*, 517 S.W.2d 299, 300 (Tex.Crim.App.1975); *Bennett v. State*, 394 S.W.2d 804, 807 (Tex. Crim.App.1965); *Deem v. State*, 342 S.W.2d 758, 759 (Tex.Crim.App.1961). Included in the State's summary judgment proof was the bailiff's written statement reflecting that he called the principal's name at the courthouse door. A certified copy of the judgment nisi was also included in the State's summary judgment proof. It recites that the principal's name was called at the courthouse door. The judgment nisi is prima facie proof that the statutory requirements of section 22.02 have been satisfied and the burden was on appellant to affirmatively show otherwise. 517 S.W.2d at 301 (Tex.Crim.App.1975).

■ Appellant asserts he has affirmatively shown otherwise. Appellant points to the deposition testimony of the bailiff

that the principal's name was not called outside the courthouse door, but rather, in the hallway outside the courtroom door on the sixth floor of the courthouse. The bailiff's actions, however, were in substantial compliance with article 22.02. *Bennett*, 394 S.W.2d at 807. Appellant argues that *Tocher, Bennett,* and *Deem* are distinguishable because, unlike in the instant case, there was no evidence establishing that the principal's name was not called at the courthouse door. We hold that where the State puts on evidence of substantial compliance by showing that the principal's name was called in the hallway outside the courtroom door, proof that the principal's name was not called at the courthouse door does not defeat the State's showing of substantial compliance. To hold otherwise, would render the term "substantial compliance" meaningless. We overrule appellant's sixth and seventh points of error.

In his eighth and ninth points of error, appellant contends that summary judgment was improper because a fact issue existed concerning whether the surety was sued in his proper capacity.

■ In the instant case, appellant was sued in his individual capacity as surety on the bond. Both the bond and the judgment nisi clearly identify appellant, individually, as surety on the bond. In fact, appellant is identified, individually, as surety in three different places on the bond: in the heading, in the signatory area, and in the oath of sureties. Appellant argues that he signed the bond merely as an agent of ABD Bonding Company simply because the heading of the bond recites that the surety is "ABD Bonding Company by John Burns." Appellant's signature as surety appears twice on the bond without reference to agency. In fact, other than the heading of the bond itself, appellant presents no summary judgment evidence that he was acting as an agent for a corporate surety. Appellant filed an affidavit with the trial court but he failed to raise any facts challenging the capacity in which he was sued. Hence, we find that the State established as a matter of law that appellant was sued in his proper capacity

and that summary judgment was proper. Accordingly, we overrule appellant's eighth and ninth points of error and affirm the judgment of the trial court.