Pedro ALVAREZ,[1] Principal
& John Burns, Surety,

v.

The STATE of Texas, Appellee.

No. 1111–91.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 23, 1992.

Opinion Granting Rehearing
in Part June 23, 1993.

1. Pedro Alvarez, the principal has not appealed this cause and is not a party to this appeal. Only appellant John Burns, the surety, is before this Court.

Stanley G. Schneider, W. Troy McKinney, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty. and Kathleen B. Braddock and Mark A. Font, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant, John Burns, appeals the trial court's order granting summary judgment in a bail bond forfeiture case. The Fourteenth Court of Appeals affirmed the granting of summary judgment holding there was no fact issue.

We granted review on the following points of error: (1) whether the court of appeals used the proper standard of review by failing to review the evidence in the light most favorable to appellant; (2) whether a bond may be forfeited due to a principal's failure to appear in court on a certain date absent proof of notice to the principal that he is to appear in court on that date when the principal has previously been ordered to appear at a date after the date on which the judgment nisi issued.

### SUMMARY OF FACTS

The record reflects the following: Following Pedro Alvarez' indictment for the felony offense of delivery of a controlled substance on April 8, 1988, bond was originally set at $500,000. Alvarez appeared with counsel in the 338th District Court the next day where his bond was ordered lowered to $100,000. The bail bond reflects a court setting for May 3, 1988 at 8:30 a.m. in the 338th District Court. On the same date, April 9, 1988, counsel for Alvarez signed an agreed setting form for arraignment on May 3, 1988. On April 10, 1988, John Burns, as surety, executed an appearance bond in the amount of $100,000 on behalf of Alvarez as principal.

On April 11, 1988, the State filed a motion for no bond and a hearing on this motion was set for April 14, 1988. The court coordinator mailed a notice of this setting to John B. Burns Bonding Company. There is nothing in the record to show that any notice of the April 14, 1988 hearing was forwarded to either the principal, Alvarez, or his then attorney of record. When the principal failed to appear for the April 14, 1988 hearing, the court ordered the bond forfeited and judgment nisi was signed on April 15, 1988.

The State filed a motion for summary judgment on November 21, 1989. Appellant filed his reply and a hearing was ultimately held on February 1, 1990. On March 1, 1990, the court granted the State's motion for summary judgment and entered judgment against Pedro Alvarez and John Burns.

### SUMMARY JUDGMENT PROOF

The State has the burden of establishing as a matter of law that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action, and that it is entitled to judgment as a matter of law when moving for summary judgment in a bond forfeiture case. *Deckard v. State*, 615 S.W.2d 717, 718 (Tex.Cr.App. 1981). The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the

judgment nisi. *Tocher v. State*, 517 S.W.2d 299 (Tex.Cr.App.1975); *Deckard v. State*, 605 S.W.2d 918 (Tex.Cr.App.1980).

■ A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. Once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied. *Tocher*, supra, at 301.

Article 22.02, V.A.C.C.P., provides for the manner of taking the forfeiture of an appearance bond. Specifically the defendant's name shall be called distinctly at the courthouse door, and then if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound. The judgment shall also state that same will be made final, unless good cause be shown why the defendant did not appear. See *Deckard v. State*, 608 S.W.2d 675 (Tex. Cr.App.1980). Therefore, the fact issues which must be proven in a motion for summary judgment on a bond forfeiture are: (1) a valid bond executed by the surety (Article 17.08(5)); (2) failure of a defendant bound by bail to appear in a court in which his case is pending when his personal appearance is required under the Code (Article 22.01); (3) the name of the defendant shall have been called distinctly at the courthouse door (Article 22.02); and (4) no valid reason for the principal not appearing (Article 22.13).

■ The forfeiture proceedings shall be governed by the same rules as other civil suits. Article 22.10, V.A.C.C.P. Rule 166a(c) of Tex.R.Civ.Proc. (modeled from the Federal Rule 56) provides in relevant part that summary judgment shall be rendered if (i) the deposition transcripts, ... other discovery responses set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records ... show that, except as to damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issue expressly set out in the motion or in an answer or any other response. The summary judgment may be based on uncontroverted testimonial evidence of an interested witness, ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. "Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor." See *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). While the moving party may make their motion with or without supporting affidavits, the nonmoving party is consequently required to go beyond the pleadings and by their own affidavits or other evidence designate specific facts showing that there is a genuine issue for trial. The nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. The summary judgment may be opposed by any of the kinds of evidentiary materials listed in Rule 166a(c), except the mere pleadings themselves. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 319, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986).

## ANALYSIS

Appellant asserts that the court of appeals used the wrong standard of review in that it failed to review the evidence in the light most favorable to appellant. The court of appeals found the State met its summary judgment proof of all four elements listed: (1) a valid bond; (2) appellant's failure to appear; (3) appellant's name being called at the courthouse door; and (4) no valid reason shown by appellant for not appearing.

### Validity of bond

■ Appellant asserts there was no valid bond in existence to forfeit because the trial court revoked the principal's bond on April 14, 1988 and ordered no bond; hence, the judgment nisi entered on April 15, 1988 was on an invalid bond. However, the court of appeals' review of the record reflects that the State's bond was forfeited and *"then* 'new bail fixed in the sum of no bond' on the

14th." [2] While appellant argues that a docket sheet entry is not a valid order of the court, we need not address such because it was proper summary judgment evidence. *Deckard*, 608 S.W.2d at 676. It was therefore evidence that the bond was forfeited before the trial court fixed a new bond of no bond. No material fact issue exists on this issue.

*Failure to appear and valid reasons for nonappearance*

Appellant argues that notice is required for the date of April 14, 1988 since the bond listed the next court date at May 3, 1988 and only the surety (as opposed to appellant and/or his counsel) received notice of the April 14, 1988 hearing date. He therefore asserts that his failure to appear was due to an uncontrollable circumstance. (Article 22.-13.) Appellant also presented affidavit of the principal's counsel stating she was not notified of the hearing.

On April 9, 1988, bond was originally set at $500,000. Also on April 9th the appellant appeared with his attorney whereupon an agreed setting was signed and approved by the court resetting the cause for arraignment on May 3, 1988. On April 10th, the principal's bond was lowered to $100,000. On the bail bond (the subject of the suit), which was entered on April 10, 1988, the court date of May 3, 1988 was entered in handwriting: COURT SETTING: DATE 5–3–88 TIME 8:30. On April 11th the State filed a motion for no bond and a hearing date was set for April 14th. The forfeiture was taken on the principal's failure to appear on April 14th. The notice controversy is on the lack of notice to the principal and his attorney of this date. Appellant Burns was notified of this date by letter mailed April 11th. Appellant contends that the agreed setting of May 3, 1988 entered on April 9th by principal's attorney creates the fact issue precluding summary judgment. The State contends that the "instanter" language in the bond was ample summary judgment evidence pursuant to the requirements of Article 17.08 and relies upon *Bowen v. State*, 413 S.W.2d 915 (Tex.Cr.App.1967). The relevant language of Article 17.08(5) states:

**That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear.** The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate.

In *Bowen* the surety filed a response to the State's motion for summary judgment with affidavits from sureties and the attorney for the principal that purported to show that the parties and the principal had no notice of the hearing and should therefore be exonerated. This Court found that although a bond is required to contain the mailing addresses of the principal and sureties, those who had signed bonds omitting their addresses would not be exonerated from their obligation under the bonds because of these omissions. And because these addresses were omitted, the trial court properly concluded that the affidavits complaining of lack of notice did not raise a fact issue as to exoneration (Article 22.13(3)); thus, the granting of summary judgment was proper. *Bowen*, at 917.

Since *Bowen*, this Court has also decided *Balboa v. State*, 612 S.W.2d 553, 555 (Tex.Cr. App.1981), which relied on the *Bowen* reasoning. These decisions have drawn strong criticism. [3] *Balboa* concluded that where the

---

**2.** Original emphasis.

**3.** Presiding Judge Onion joined by J. Teague vigorously dissented to this reasoning noting that "The majority makes a ruling of first impression by making it a requisite that the bail state the court or magistrate before whom the principal is to appear is for the benefit of the principal and surety or sureties, if any, and is a 'right' that he or they must insist upon being in the bond, or else is waived with no avenue to complain after

the bond had been forfeited." He concludes by asking, "If one requisite of a bail bond as established by the Legislature is not a requisite as decreed by this court, then are any of the other requisites valid?" *Balboa*, at 560–561.

In *Lopez v. State*, 678 S.W.2d 197, 202 (Tex. App. 4 Dist.1984), Justice Cantu in a concurring opinion likewise agrees with P.J. Onion above and criticized *Bowen* and *Balboa:* "[T]hese decisions ... are contrary to the explicit requirements of article 17.08[.] * * * The effect of both

principal and surety fail to assert the right that the bail bond state the court or magistrate before whom the principal is to appear at the time the bond is executed, they could not complain of said omission for the first time after bond had been forfeited. The appellants in *Balboa* failed to respond to the State's motion for summary judgment and so had no summary judgment proof before the court.

█ The facts of this case are distinguishable from *Bowen* in that there was a specific appearance date on the bond. Contrary to *Balboa*, there is also a well documented response to the State's summary judgment motion pointing out this fact issue. *Bowen*, therefore does not support the State's motion for summary judgment; and the court, viewing the evidence in favor of the nonmoving party was presented with a material fact issue on the matter of notice. Although the principal arguably "waived" his right to notice of the April 14th hearing by omitting his address, he and his attorney had been previously put on notice of the May 3, 1988 setting for arraignment on the face of the bond. This notice satisfied the requirements of Article 17.08(5). To submit the intervening "motion for no bond setting" date without notice to the principal when he has been given an appearance date on the bond, places an additional burden upon the principal and his surety which is not contemplated by statute and defeats the purpose of the notice requisite.

█ The State next argues that there is no summary judgment proof that the principal received no notice since he himself has not appeared or answered; that the attorney and surety affidavits purporting to show he had no notice of the hearing does not raise a material fact issue. The State relies upon *Swaim v. State*, 498 S.W.2d 188 (Tex.Cr.App. 1973), for its position. This Court held therein that no question of fact was presented where the principal had not appeared before final judgment or submitted a controverting affidavit showing sufficient cause for

the principal not being present on the date set for trial. This is also distinguishable. Summary judgment may be based on uncontroverted testimonial evidence of an interested witness and granted if the evidence is clear, positive and direct, and otherwise credible and free from contradictions and inconsistencies. The nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. The record reflects the principal was represented by counsel as of April 9th at the bail reduction hearing. Counsel signed an agreed setting for arraignment as his attorney of record. The affidavit submitted by counsel states she was not notified of the motion hearing set for April 14th. She also states that she therefore did not notify her client of same. Thus the amended affidavits of the principal's attorney and the affidavit of the surety which present evidence that the principal did not receive notice of the setting raises material facts reflecting the contradiction and inconsistency of the principal's lack of notice to defeat summary judgment.

█ The State relies upon *International Fidelity Insurance Company v. State*, 495 S.W.2d 240 (Tex.Cr.App.1973) and *Caudillo v. State*, 541 S.W.2d 617 (Tex.Cr.App.1976) for the proposition that the "instanter" language is sufficient notice as to when the principal was to appear. These cases are distinguishable in that they are not summary judgment proceedings and therefore subject to a different standard of review. Herein there is no summary judgment facts showing the principal had notice to any date other than that listed on the bond. They are further distinguishable in that the appellant need not have been subject to the "instanter" language as notice to appear, because unlike the above cases, the bond herein included a date certain of May 3, 1988 as the date noticed. The State presents no intervening facts to show notice to the principal other than that specifically written on the bond. Whereas appellant does present facts which show a reliance upon the written date. In

Bowen and Balboa is that the principal binds himself to appear at some unknown distant date in the future at a place unknown and that he will never receive notice so he can appear. For what

it is worth, the bond may as well be blank or contain a promise to appear if he happens to hear of the date and place of trial."

this instance, the "instanter" language cannot be said to prevail over the written date and require an appearance just 5 days following the principal's release. If so, the date certain written on the bond is without meaning and eviscerates the provisions of Article 17.-08. We find that substantial material fact were presented which defeat summary judgment.

## CONCLUSION

Because we resolve the matter in appellant's favor on the summary judgment proof concerning notice we will not address the alleged failure to call the principal's name at the courthouse door, or any constitutional claims raised by appellant. The judgment of the court of appeals is reversed and the cause remanded to the trial court for a hearing on the merits.

McCORMICK, P.J., dissents.

OVERSTREET, Judge, concurring in part and dissenting in part.

The majority today has correctly decided the application of summary judgment proof facts to bail bond forfeiture in general and specifically regarding notice to the principal. I therefore agree with the opinion and join that portion of the opinion. I disagree with the majority's failure to address and dispose of appellant's point of error regarding summary judgment proof of the calling of the principal's name at the courthouse door and write in dissent on this issue.

The appellant presents a material fact issue defeating summary judgment on the matter of calling the defendant's name distinctly at the courthouse door. Until the Legislature changes it, the statute requires that the principal's name be called at the courthouse door, period. Article 22.02 The State presented a statement from the bailiff that the name was called at the courthouse door. Appellant presented deposition testimony of the same bailiff stating that he in fact did not call the principal's name outside the courthouse door, but instead in the hallway outside the courtroom door on the sixth floor of the courthouse.

The court of appeals reasoned the State showed evidence of substantial compliance, citing *Tocher v. State*, 517 S.W.2d 299 (Tex. Cr.App.1975), *Bennett v. State*, 394 S.W.2d 804 (Tex.Cr.App.1965), and *Deem v. State*, 170 Tex.Crim. 564, 342 S.W.2d 758 (App. 1961), all of which concluded for varying reasons that the calling of a principal's name outside the courtroom as opposed to the courthouse door was in substantial compliance with Article 22.02. Appellant asserts that what is substantial compliance is a fact question and that the cases relied upon are distinguishable. I agree.

Viewing evidence in light of the non-moving party, appellant has raised a material fact issue entitling him to overcome summary judgment. Cases construed by this Court to date are all distinguishable in that we have not had before us this issue on summary judgment where the appellant has controverting evidence that the name was not called pursuant to statutory requirements. Substantial compliance has been held to mean name "called in the courthouse lobby within 12 feet of the outer door ... the place from which defendant's name was called [being] within such reasonable distance of the court house door as under the circumstances to be in substantial compliance with the law requiring that his name be called at the door." See *Caldwell, et al. v. State*, 136 Tex.Cr.R. 524, 126 S.W.2d 654, 656 (1939) and parallel cites.[1]

---

1. *Caldwell,* and seven like cases were decided on the same date applying the same facts: i.e., the names of the forfeiting defendants were called in the lobby within 12 feet of the door. The *Deem* opinion which is the oft cited authority for this proposition receives its authority from *Caldwell.* We could find no cases in our jurisprudence which address more directly the meaning of substantial compliance with the calling of the names at the court house door. The detailed facts of *Caldwell* and parallel cases established the following:

The court room of the Criminal District Court is located on the first floor of what is known as the Criminal Court Building. The outer door to said building is a double door. Immediately outside the court room is a large lobby about seventy-five feet long and twenty or thirty feet wide. This lobby is used by the public at all times and by jurors, prospective jurors, witnesses and all parties attending the Criminal District Court and those interested in litigation there. The door from the court room opens

Other cases have been decided against the principal by reasoning that where there is no showing otherwise, then compliance with the statute is presumed. See *Swaim v. State,* 498 S.W.2d 188, 191–92 (Tex.Cr.App.1973), where it was held that when the judgment nisi stated the principal's name was called at the courthouse door, and *such State's evidence was not rebutted* then a fact issue is not raised in appearance bond forfeiture.[2] In short, *Tocher, Bennett, Deem,* and *Swaim* all conclude that where there is no evidence that the name was *not* called at the courthouse door, then a principal cannot discharge the burden of showing that fact so as to overcome the presumption that the recitation of this requirement in the judgment nisi was in accordance with Article 22.02.

To date, cases have stopped short of distinguishing courthouse door from courtroom door and instead have supported the wording of the statute's requirement of courthouse door. When the argument against the practice of calling the name at the courtroom door is raised, this Court's opinions have construed substantial compliance to mean either: (1) reasonable distance to the court-

house door, as opposed to the courtroom door; or (2) lack of evidence to show otherwise.

The fact issue raised in this summary judgment proceeding does not fit either category. The controversy reveals a judgment nisi showing evidence of compliance with calling the name at the courthouse door countered by deposition testimony of the same witness that the name was not called at the courthouse door, but at the courtroom door or hallway on the sixth floor of the courthouse.[3] To ignore appellant's proof and assert substantial compliance ignores the standard of review for summary judgment proceedings. "A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. Once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied." At page 881. In summary judgment proceedings, " '[e]very reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. See

into this lobby. Between the court room door and the outer door to the Criminal Court Building is a cigar stand. The deputy sheriff was directed by the presiding judge to go to the court house door and call the defendant's name three times. He went to the cigar stand and within four steps (12 feet) of the outer door of the court house and raising his voice called Caldwell by name three times. Appellant contend that calling Caldwell's name as was done was not a compliance with the statutory requirement that appellant's name be called 'at the court house door.' ... [Where appellants cite authority for the definition of courthouse door using real estate sales as examples, this Court writes] the articles mentioned [Art. 2310, then Art. 3809, R.C.S.] defined 'courthouse door' to be 'either of the principal entrances to the house provided by the proper authority for the holding of the district court,' etc. The sale was made at the door of a house used for holding the county court and the commissioner's court. The opera house had been designated as the place for holding district court, which was some three hundred yards from the place of sale. The sale was held void for not having been made at the place designated.
On the other hand, the Court reasoned that the legislature did not take 'at the courthouse door' to be an exacting and literal construction.
Webster, defining the word 'at,' says, 'Primarily this word expresses the relation of presence,

nearness in time or place or direction towards. * * * It is less definite than "in" or "on"; "at" the house may be "in" or "near" the house.' See Webst. Dict.
It is from this discussion that the *Caldwell* Court then concludes that 12 feet from the door was within a reasonable distance to be in substantial compliance requiring the name be called at the door.

2. Emphasis is that of author unless noted otherwise.

3. There is an appreciation for what is an obvious evolution of the courthouse over some 100 years since the inception of this statute and its predecessors. The courthouse structure with its multiple floors and courtrooms today is simply not the same as it was in the late nineteenth century when buildings such as the opera house were used as district courthouses. See *Boone & Scarbrough v. Miller,* 86 Tex. 74, 23 S.W. 574 (Tx.1893) and *Caldwell,* supra 126 S.W.2d at 655. Perhaps the courtroom door is now the more reasonable place to call the absent principal's name. But it is not the courthouse door. We are bound by statutory requirements and the plain reading of Article 22.02 that the calling should be within some reasonable distance of the courthouse door.

*Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).' While the moving party may make their motion with or without supporting affidavits, the nonmoving party is consequently required to go beyond the pleadings and by their own affidavits or other evidence designate specific facts showing that there is a genuine issue for trial.... The nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment." At pp. 881–882. A consequence of the majority opinion is to relegate the statutory requirement of "calling the name at the courthouse door" to a fiction. I fail to see how the facts herein may be harmonized with the reasoning of this Court's explanation of substantial compliance as stated in the *Caldwell* opinion.

The cases of *Tocher, Bennett,* and *Deem,* were not summary judgment cases and therefore had a different standard of review. In *Tocher,* 517 S.W.2d at 300–301, the bailiff testified that he did not remember calling the name and did not know if it was done, that another court officer often performed the duty of calling the names and could have done so in this case. The Court held that there was no evidence that the other officer did not call the names and therefore nothing to controvert the judgment nisi. It reasoned that unless it appears to the contrary, the recitals in the judgment nisi are presumed to be correct. Herein, it is undisputed that the name was not called at the courthouse door.

In *Deem,* 342 S.W.2d at 759, and *Bennett,* 394 S.W.2d at 807, the records reflected that the principal's name was called outside the door of the courtroom but lacked any evidence that the principal's name was not called at the courthouse door. Therefore, in light of the judgment nisi and the lack of any proof that the principal's name was not called at the courthouse door, the court held that the evidence was sufficient to show substantial compliance with Article 22.02.

Viewing the evidence herein in favor of the nonmovants, I find it difficult to conclude anything other than that the bailiff's deposition testimony raises a controverted material fact issue. In a summary judgment proceeding, the court's role is not to rule on the evidence based upon which party is likely to prevail; it is to decide whether a material fact exists which would entitle the nonmovant to a trial on the merits. I would therefore hold that appellant's evidence was sufficient to defeat summary judgment and sustain this ground for review also. See *Montgomery v. Kennedy,* supra at 311, and *Celotex Corp. v. Catrett,* 477 U.S. at 319, 106 S.Ct. at 2551. Because the majority does not do so, I respectfully dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

MILLER, Judge.

This appeal arose from a bond forfeiture. The trial judge granted summary judgment in favor of the State, and the surety, John Burns, appealed.[1] In the court of appeals, appellant raised nine points of error which the court overruled, and the judgment was affirmed. *Burns v. State,* 814 S.W.2d 768 (Tex.App.—Houston [14th Dist.] 1991). This Court granted appellant's petition for discretionary review on the two grounds presented therein, *to-wit:* (1) "whether the court of appeals used the proper standard of review by failing to review the evidence in the light most favorable to appellant[,]" and (2) "whether a bond may be forfeited due to a principal's failure to appear in court on a certain date absent proof of notice to the principal that he is to appear in court on that date when the principal has previously been ordered to appear at a date after the date on which the judgment nisi issued."

On original submission, we found a substantial material fact regarding notice was presented which defeated summary judgment, and we therefore sustained appellant's second ground for review. *Alvarez & Burns v. State,* at p. 883.[2] In its motion for rehearing, the State presents three reasons why this Court erred in finding a substantial ma-

---

1. The principal in this cause, Pedro Alvarez, is not a party to this appeal.

2. Finding merit in appellant's second ground for review, we did not address his first ground for review. *Id.* at p. 884.

terial fact was presented which defeated summary judgment. The State alleges the opinion omits a material fact, omits and improperly recites the law applicable to summary judgment cases, and improperly applies the law to the facts.

In order to address the State's contentions we must first articulate the appropriate standard of review in a summary judgment case. Rule 166a of the Texas Rules of Civil Procedure addresses summary judgment, so we find it useful to consult decisions from our sister court on this standard. The purpose of the summary judgment rule is to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex.1962). The issue in a summary judgment proceeding, therefore, is whether there is a genuine issue of fact in the case. *Id.* at 562. The party moving for summary judgment has the burden of showing that there is no such fact question and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, the court takes as true the evidence favorable to the non-moving party. *Id.* at 548–49. Every reasonable inference from the evidence must be indulged in favor of the non-movant, and any doubts resolved in its favor. *Id.* at 549. *See also Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Hence, the applicable standard of review is to view the evidence in the light most favorable to the party opposing the summary judgment motion. *Gaines v. Hamman,* 358 S.W.2d at 562.[3]

We now review the elements of the State's cause of action in a bond forfeiture from which this summary judgment action arose. Bond forfeiture, although in the nature of a civil proceeding,[4] is governed by the Code of Criminal Procedure. Article 22.02 directs the manner of taking a forfeiture and provides in pertinent part:

> The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

It is well-settled that the State's proof in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975). The judgment nisi is prima facie proof that the statutory requirements of Art. 22.02 have been satisfied. *Id.* The burden then shifts to the defendant to affirmatively show otherwise. *Id.* Indeed, "[t]he court will presume that the judgment nisi was taken in accordance with the statutory requirements, unless it affirmatively appear otherwise." *Id., citing Thompson v. State,* 31 Tex. 166 (1868). In moving for summary judgment in an appearance bond forfeiture case, the State must therefore establish as a matter of law that there are no genuine issues of material fact as to any of the elements of the State's cause of action, which are proved by the bond and the judgment nisi. *Deckard v. State,* 615 S.W.2d 717, 718 (Tex.Crim.App.1981) (panel opinion).

With this review in mind, we now address the merits of the State's motion for rehearing which raises an issue regarding its burden of proof in this case. In its motion, the State argues *inter alia* that in our opinion on original submission we improperly assigned the burden of proof in a summary judgment ac-

---

**3.** In his first ground for review in his petition, appellant contended the court of appeals utilized an incorrect standard of review and viewed the evidence in the light most favorable to the movant, rather than the non-movant. Given our disposition of this motion for rehearing, we express no opinion on the merits of this ground for review, but only note that this is the proper standard to apply.

**4.** *See* Art. 22.10, V.A.C.C.P.

tion on a bond forfeiture. In that opinion we stated:

> Therefore, the fact issues which must be proven in a motion for summary judgment on a bond forfeiture are: (1) a valid bond executed by the surety (Article 17.08(5)); (2) failure of a defendant bound by bail to appear in a court in which his case is pending when his personal appearance is required under the Code (Article 22.01); (3) the name of the defendant shall have been called distinctly at the courthouse door (Article 22.02); and (4) no valid reason for the principal not appearing (Article 22.13).

*Alvarez & Burns,* at p. 881; *see also Burns,* 814 S.W.2d at 770. The State contends this fourth issue is not a fact which it must prove in a bond forfeiture proceeding. A plain reading of Art. 22.02, along with the *Tocher* decision, reveals the State is correct.

■ Article 22.02 directs that the defendant's name be called "distinctly" at the courthouse door. The defendant is given a "reasonable time after such call is made" in which to appear. Upon his failure to do so, "judgment *shall* be entered" for the State on the bond forfeiture. Art. 22.02 (emphasis supplied). Thus, to be entitled to forfeiture of a bond the State need only show (1) a valid bond; (2) that the defendant's name was distinctly called at the courthouse door; and (3) the defendant failed to appear within a reasonable time of that call. At the risk of being redundant, we reiterate that the burden of proof on the second and third prongs is satisfied by the judgment nisi.

■ Article 22.02 further provides that this judgment will be made final *unless* "good cause be shown why the defendant did not appear." This proviso operates like an affirmative defense in that the defendant admits he failed to appear but asserts he has good cause which excuses his failure to do so. This burden is appropriately placed on the defendant.

5. Article 22.13, V.A.C.C.P., provides an exclusive list of causes which will exonerate the principal and his surety from liability upon the forfeiture taken. Allegedly germane to this cause is section (3) which provides:

■ The court of appeals, relying upon *Lopez v. State,* 678 S.W.2d 197 (Tex.App.— San Antonio 1984, no pet.), recognized that there are only *four fact issues* in a motion for summary judgment on a bond forfeiture. *See Burns,* 814 S.W.2d at 770. Those issues, per Art. 22.02, are: whether there is a valid bond; whether the principal's name was called at the courthouse door; whether the principal failed to appear; and whether the principal had a valid reason for not appearing. While there are four fact issues under Art. 22.02, the State bears only the burden of proof on three of them. As the State points out in its motion for rehearing, this Court "inexplicably" stated these issues as the State's burden of proof in our opinion on original submission. *See Alvarez & Burns,* at p. 881–82. We therefore sustain the State's ground for rehearing on this burden of proof issue.

■ In his second ground for review in his petition, appellant contended the State failed to establish as a matter of law that the principal had notice of the court setting and "that the summary judgment evidence created a substantial and genuine issue of material fact concerning notice to the principal, thus precluding summary judgment." On original submission we agreed with appellant and concluded "the amended affidavits of the principal's attorney and the affidavit of the surety which present evidence that the principal did not receive notice of the setting raises (sic) material facts reflecting the contradiction and inconsistency of the principal's lack of notice to defeat summary judgment." *Id.,* at p. 883. In its motion for rehearing, the State argues that we misapplied the law to the facts. The State asserts that the dispositive issue before this Court is whether the appellant, as non-movant, presented summary judgment evidence on every element of his defense, *viz:* his failure to appear was due to an uncontrollable circumstance pursuant to Art. 22.13, V.A.C.C.P.[5] We disagree with the State's argument.

> The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes men-

In spite of statements in the court of appeals' opinion [6] and this Court's opinion on original submission,[7] appellant has not raised or argued an "uncontrollable circumstance" affirmative defense under Art. 22.13. The record reveals that citation issued on April 15, 1988, on the bond forfeiture. *See* Art. 22.10. Appellant filed an *answer* [8] generally denying the allegations and providing a laundry list of defenses, including "[appellant] is entitled to be exonerated under the provisions of Article 22.13 T.C.C.P." The State then filed its motion for summary judgment. Appellant filed his reply in response to this motion asserting "the State's entire motion for summary judgment boils down to the allegation ... that it is entitled to summary judgment 'as matter (sic) of law by virtue of the fact that no good cause exists for the Defendant–Principal's failure to appear.'" Appellant then asserts in his response that there are genuine issues of material fact which preclude the State's entitlement to summary judgment, including lack of notice to appear. Nowhere in his *response* (as opposed to his answer) does appellant assert he is entitled to exoneration of liability on the bond forfeiture via Art. 22.13.

In his brief in the court of appeals appellant contended, *inter alia*, that the trial court erred in granting summary judgment because a fact issue existed concerning notice to the principal to appear. Again, appellant did not argue he was entitled to exoneration pursuant to Art. 22.13.[9] In his petition for discretionary review before this Court, appellant contended lack of notice was a fact issue in this case but not under Art. 22.13. Thus, the affirmative defense of an uncontrollable circumstance was not an issue before either the court of appeals or this Court, and any statements addressing that issue are dicta.

The issue presented here is whether there is a material fact issue regarding notice which would preclude summary judgment. The State presented the bond and the judgment nisi to the trial court, thus making a prima facie case for the bond forfeiture. Appellant presented evidence concerning a lack of notice to appear and providing good cause for his failure to appear. *See* Art. 22.02. On original submission we held the evidence raised a material fact issue and the trial judge erred in granting summary judgment. In reviewing that holding on this motion for rehearing, we conclude our decision was correct.

The State's motion for rehearing is granted only to the extent that we corrected our statement of the State's burden of proof in a

---

tioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, is any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.

Pursuant to the express terms of Art. 22.13, to controvert the State's prima facie proof, appellant must show (1) that some uncontrollable circumstance prevented the principal's appearance at court, (2) that the principal's failure to appear arose from no fault on his part, *and* (3) that the principal appeared before final judgment on the bond to answer the accusation against him (or had sufficient cause for not so appearing).

In the motion for rehearing, the State asserts pursuant to Art. 22.13 that we omitted the fact that the record is wholly void of any evidence that, after forfeiture, the principal appeared prior to judgment in the forfeiture case. Hence the State argues that even though there may have been a lack of notice to appear, appellant has failed to meet his burden of proof on this affirmative defense by not presenting any evidence that, in the 23 months between forfeiture and

judgment, he had been returned to custody in Harris County. *See Fernandez v. State*, 516 S.W.2d 677 (Tex.Crim.App.1974).

6. *See Burns*, 814 S.W.2d at 770.

7. *See Alvarez & Burns*, at p. 882.

8. Specifically, appellant filed an original answer and two amended answers.

9. Appellant's only argument mentioning Art. 22.13 is in a constitutional challenge. Appellant's point of error states:

The trial court erred in granting summary judgment because if no actual notice is required, TEX.CODE CRIM.PROC.ANN. art. 17.09 (Vernon 1977), TEX.CODE CRIM.PROC. ANN. art. 22.13 (Vernon 1989), and the bond are void as unconstitutional under the Fourteenth Amendment of the United States Constitution and Art. I, sec's. (sic) 13 and 19 of the Texas Constitution.

bond forfeiture case. *See* pp. 881–82, *supra.*
The other grounds are denied.

McCORMICK, P.J., and OVERSTREET,
J., concur in result.