Opinion issued
February 17, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

——————————

NO. 01-09-00441-CR

———————————

 

International
Fidelity Insurance company, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 262nd District
Court

Harris County, Texas



Trial Court Case No. 0895218-A

 



 

MEMORANDUM
OPINION ON REHEARING

 

          We
deny appellant’s motion for rehearing. 
However, we withdraw our opinion and judgment of January 13, 2011 and
issue this opinion and judgment in their place.

          International
Fidelity Insurance Company appeals the trial court’s judgment of forfeiture on
a criminal bail bond. After the State instituted forfeiture proceedings,
International Fidelity asserted the statute of limitations as an affirmative
defense.  Following a bench trial, the
trial court rendered judgment in favor of the State for the amount of the bond,
$200,000.  On appeal, International
Fidelity asserts that the trial court’s judgment of forfeiture in this case is
void due to a prior forfeiture and that the evidence is factually insufficient
to support the trial court’s judgment. 
We conclude that the record does not show a prior forfeiture and the
evidence is factually sufficient to support the trial court’s judgment.  We affirm.

Background

          In
December 2001, International Fidelity bonded Manuel Fantauzzi out of jail.  On December 28, 2001, International Fidelity
filed an affidavit to surrender Fantauzzi and relieve itself of liability on
the bond.  The trial court granted the
request and issued an alias capias for Fantauzzi’s arrest.  

          Fantauzzi
was required to appear at a hearing on January 10, 2002.  It is disputed whether Fantauzzi appeared at
the hearing.  On that same day, the trial
court issued an alias capias for Fantauzzi’s arrest.  The case remained dormant until the State
reset a hearing for July 24, 2007, after noticing that records showed Fantauzzi
was out on bond and the case was still open. 
When Fantauzzi failed to appear at the July 24, 2007 hearing, the trial
court issued a judgment nisi declaring the bond forfeited.  

          As
required by article 22.03(a) of the Texas Code of Criminal Procedure, the
bonding company, International Fidelity, was served with citation and given an
opportunity to show cause why the judgment of forfeiture should not be made
final.  A bench trial was held on the
forfeiture.  International Fidelity
asserted an affirmative defense based on the four-year statute of limitations
applicable to forfeiture proceedings. 
After hearing the evidence, the trial court rendered judgment against
International Fidelity for the amount of the bond.

Bond Forfeiture

          International
Fidelity asserts that the trial court’s 2007 bond forfeiture was void because
there was a prior forfeiture and there cannot be two forfeitures on the same
bond.  International Fidelity also
contends that the trial court’s determination that International Fidelity did
not prove Fantauzzi failed to appear on January 10, 2002 was “against the great
weight and preponderance of the evidence” and that the four-year limitations
period began to run when Fantauzzi failed to appear at that hearing.  

A.      Standard of Review

          Although bond forfeiture cases are criminal matters, bond forfeiture proceedings are governed by the rules of civil
procedure.  Tex. Code Crim.
Proc. Ann. art. 22.10 (West 2009); Ranger Ins. Co. v. State, 312
S.W.3d 266, 268 (Tex. App.—Dallas 2010, pet ref’d).  Likewise, in an appeal of a
bond forfeiture proceeding, “the proceeding shall be regulated by the same
rules that govern civil actions where an appeal is taken . . . .”  Tex.
Code Crim. Proc. Ann. art. 44.44 (West 2006).  Therefore, we apply civil case law concerning
the standard of review.  See Alvarez v. State, 861 S.W.2d 878, 881 (Tex.
Crim. App. 1992) (applying summary judgment standard of review to appeal of
summary judgment in bond forfeiture case);
see also Int’l Fid. Ins. Co. v. State, No. 03-09-00539-CR, 2010 WL
4366910, at *2 n.3 (Tex. App.—Austin Nov. 3, 2010, no pet.) (mem. op., not
designated for publication) (applying civil legal and factual sufficiency
standards of review in bond forfeiture case).

          The trial court did not make separate
findings of fact or conclusions of law. 
The judgment also does not contain any fact findings.  If a trial court does not make separate
findings of fact or conclusions of law, all facts necessary to support the
trial court’s judgment are implied.  Gainous v. Gainous, 219 S.W.3d 97, 103
(Tex. App.—Houston [1st Dist.] 2006, pet. denied).  These implied fact findings may be challenged
for factual sufficiency of the evidence supporting them.  Id.  

          International Fidelity asserts that
the trial court’s decision that the statute of limitations had not expired (and
its implied finding that Fantauzzi did not fail to appear on January 10, 2002)
is “against the great weight and preponderance of the evidence,” thus raising
a factual sufficiency challenge.  When a party attacks the factual sufficiency
of an adverse finding on an issue on which it has the burden of proof, it must demonstrate on appeal
that the adverse finding is against the great weight and preponderance of the
evidence.  Urista v. Bed, Bath, &
Beyond, Inc., 245 S.W.3d
591, 601 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  In reviewing a point of error asserting that a
finding is “against the great weight and preponderance” of the evidence, we
must consider and weigh all of the evidence. 
Dow Chem. Co. v. Francis, 46
S.W.3d 237, 242 (Tex. 2001).  We must set
aside a verdict only if the evidence is so weak or if the finding is so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust. Urista, 245
S.W.3d at 601.  “In
an appeal from a bench trial, we may not invade the fact-finding role of the
trial court, which alone determines the credibility of the witnesses, the
weight to give their testimony, and whether to accept or reject all or any part
of that testimony.”  Whaley v. Cent. Church of Christ, 227 S.W.3d 228, 231 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); see
also Golden Eagle Archery, Inc. v.
Jackson, 116 S.W.3d
757, 761 (Tex. 2003) (stating that, in factual sufficiency review, court of
appeals may not substitute its judgment for that of factfinder, which is sole
judge of credibility of witnesses and weight to be given to testimony).




 

B.      Law Regarding Bond Forfeitures

          Chapter 22 of
the Texas Code of Criminal Procedure governs bond forfeiture proceedings in the trial
court.  Tex.
Code Crim. Proc. Ann. arts. 22.01–.18 (West 2009).  A bond may be forfeited when
a defendant has posted bond and fails to appear in court as required.  Id. art. 22.01. Article 22.02 provides
the procedure for forfeiting bonds:  

The name of the defendant shall be called distinctly at
the courthouse door, and if the defendant does not appear within a reasonable
time after such call is made, judgment shall be entered that the State of Texas
recover of the defendant the amount of money in which he is bound, and of his
sureties, if any, the amount of money in which they are respectively bound,
which judgment shall state that the same will be made final, unless good cause
be shown why the defendant did not appear.

 

 Id. art.
22.02; see Alvarez v. State, 861 S.W.2d at 881.  This judgment is called a “judgment nisi.”  See Alvarez, 861 S.W.2d at 880–81.  After entry of a
judgment nisi, the sureties and the defendant are issued citation to appear in
the trial court and show cause why the judgment of forfeiture should not be
made final.  Tex. Code Crim. Proc. Ann. art. 22.03(a).  Article 22.18 provides that the State must
bring an action to forfeit a bond not later than the fourth anniversary of the
date the defendant fails to appear.  Id. art. 22.18.




 

C.      Did
International Fidelity prove that Fantauzzi failed to appear at the January 10,
2002 hearing?

 

          International
Fidelity asserts that there cannot be two forfeitures on the same bond and that
Fantauzzi forfeited his bond by failing to appear on January 10, 2002.  International Fidelity also contends that the
State’s action to forfeit the bond was untimely because limitations began to
run when Fantauzzi failed to appear at that time.  The State does not dispute that there may not
be two forfeitures on the same bond; instead it contends that the record does
not show a prior forfeiture or that Fantauzzi failed to appear on January 10,
2002.

          The record
does not show that there were two forfeitures on the bond.  As stated above, article 22.02 provides the
procedure for forfeiting a bond.  After
the defendant’s name is called and he fails to appear, the trial court enters a
judgment nisi.  Tex. Code Crim. Proc. Ann. art. 22.02; Alvarez v. State, 861 S.W.2d at 880–81.  The record in this case does not establish by
a preponderance of the evidence that Fantauzzi’s name was called or that the
trial court entered a judgment nisi following the January 10, 2002
hearing.  Therefore, the record does not
establish a prior forfeiture.

          Furthermore, the evidence is factually
sufficient to support the trial court’s determination that International Fidelity
failed to prove its limitations defense by a preponderance of the
evidence.  See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d
211, 220 (Tex. 2003); see also Burns v.
Rochon, 190 S.W.3d 263, 271 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating
party asserting limitations defense has burden of proving that defense).  When, as here, the trial court does not make
separate findings of fact, we imply all facts necessary to support the trial
court’s judgment.  Gainous, 219 S.W.3d at 103.  Thus,
to support the trial court’s judgment in this case, we imply a fact finding
that Fantauzzi did not fail to appear on January 10, 2002.  

          International Fidelity presented two
witnesses concerning Fantauzzi’s failure to appear, Fantauzzi’s counsel from
the January 2002 hearing and the trial court clerk.  On the one hand, Fantauzzi’s counsel
testified in his direct examination that to the best of his recollection
Fantauzzi was not present on January 10, 2002. 
On the other hand, he testified on cross-examination that he could not
recall whether Fantauzzi was in court that day.  There is no evidence in
the record to show the basis for his direct testimony that Fantauzzi did not
appear.  

          The clerk
testified that he had no recollection of the events on the day in question, but
he also opined that Fantauzzi must have failed to appear; otherwise, the court
would not have ordered an alias capias to be issued that same day based on its
regular practices.  He admitted that it
was possible that Fantauzzi appeared in court despite the alias capias.  He conceded that the court’s docket sheet
does not indicate whether Fantauzzi was or was not present on the day in
question.  He was not asked to explain
the absence of a judgment nisi, which should have been issued if Fantauzzi did
not appear.  He testified that the court’s docket sheet for July 24, 2007
contained the court’s “bond forfeiture stamp,” indicating Fantauzzi’s name was
called at the courthouse door but he did not appear, but did not testify concerning
the lack of the stamp on January 10, 2002.

          The trial court judge was not only the
factfinder but also the judge on the day in question.  He undoubtedly knows the procedures utilized
by his court.  In announcing the court’s
decision, he stated:

          Through
all the documents I have gone through in trying to find out exactly what
happened on January 10th, 2002, I don’t think anybody really knows.  I certainly don’t.  I do know this, if that Defendant had not
been here and had not had some excuse that would render his absence acceptable,
I would have forfeited his bond that day. 
I’ve looked at it from every angle. 
And I try to treat everybody the same. 
And unless he was in custody somewhere else, in the hospital, or there
was some good reason for him not being here and it was presented by his lawyer,
I would have forfeited his bond.  There
may have been some light that could have been shed on that by these
records.  We don’t have them.  So, I have to go by what I have seen, and
what I know about the practices of this Court.

          So, I
cannot find by a preponderance of the evidence that he was not here. He may
have been here for a while.  He may have
gotten ill.  He may have had to leave.  He may have been in custody.  I do not know.  But if he was not here and did not have a
good, legal reason for not being here, then I would have forfeited his bond.

 

Neither party objected then, nor do they object in their
briefs, to the trial court judge’s consideration of his knowledge “about the
practices” of the court.

          Weighing all
the evidence, we cannot say, even without the trial court judge’s consideration
of the court’s practices, that the trial court’s determination that
International Fidelity did not prove Fantauzzi’s failure to appear is against
the great weight and preponderance of the evidence.  The trial court was free to resolve any
conflicts or inconsistencies and assign whatever weight it deemed appropriate
to the testimony.  See G`olden Eagle Archery,
Inc., 116 S.W.3d at
761.  Accordingly, we hold that the
evidence is factually sufficient to support the trial court’s judgment.

          In its motion
for rehearing, International Fidelity asserts that the trial court improperly
considered matters outside the record. 
But International Fidelity did not raise that objection in the trial
court or in its brief.  Rather,
International Fidelity first raised this issue in its motion for
rehearing.  Therefore, this issue is
waived.  Coastal Liquids Transp. v. Harris County Appraisal Dist., 46 S.W.3d
880, 885 (Tex. 2001).  We acknowledge that
International Fidelity did mention the trial court’s consideration of matters
outside the record, but it only did so as part of its issue challenging the
sufficiency of the evidence; it did not raise a separate issue asserting that
the trial court erred by considering matters outside the record.  We have addressed the sufficiency of the
evidence above.

          In the end,
it is clear that International Fidelity asserts that the trial court “made a
mistake” because either (1) Fantauzzi appeared on January 10, 2002 and the
trial court failed to arrest him as required by the alias capias issued on
December 28 or (2) Fantauzzi failed to appear and the court should have issued
a judgment nisi.  Even setting aside the
judge’s statement about the court’s practices, the trial court could have found
that International Fidelity failed to prove which of the two events occurred by
a preponderance of the evidence.  

          Finally, on
rehearing, Interational Fidelity also argues that the forfeiture of the bond
punishes it when it did nothing wrong.  A
surety, however, assumes certain risks when it issues a bond.  And trial courts do make mistakes.  The surety here put on no evidence that it
followed up after December 28, 2001 to ensure that Fantauzzi was arrested.  While it may not be required to do so, such
action would have caught the trial court’s purported mistake at a time it could
have been corrected and when the evidence concerning the January 10 hearing was
still fresh.

          We overrule International Fidelity’s
sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Massengale and Brown.

Do not publish.   Tex. R. App. P. 47.2(b)