Affirmed and Memorandum Opinion filed March 1, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00031-CR



Michael J. Todd, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 13th District Court

Navarro County, Texas

Trial Court
Cause No. 08-17343-CV



 

MEMORANDUM OPINION 

In this bail bond forfeiture case, appellant, Michael
J. Todd, contends that the trial court erred in granting summary judgment in
favor of appellee, the State of Texas, because (1) there is no evidence that
the court complied with Texas Code of Criminal Procedure article 22.02; (2)
appellant was exonerated from liability; and (3) the court failed to timely
issue a capias.  We affirm.

II.        Factual and Procedural Background

On May 22, 2007, a jury convicted defendant Darion
Richardson of burglary of a building, and the court sentenced him to one year
confinement in a state jail facility.  Appellant was retained to represent Richardson
on appeal and posted a bond in the amount of $50,000.

            On January 11,
2008, the trial court held an abatement hearing to determine why no appellate
brief had been filed and whether Richardson intended to pursue his appeal. 
Romeko Edwards, appearing on behalf of appellant, informed the court that Richardson
intended to pursue his appeal and that appellant would continue to represent
him.  Richardson was present at the hearing.

            On April 17,
2008, the trial court conducted a second abatement hearing.  When the trial
court asked why no appellate brief had been filed, Edwards informed the court
that Richardson had not been in communication with appellant’s office to prepare
his appeal.  Edwards also confirmed to the court that Richardson was not
present at the hearing.  The trial court subsequently issued written findings
that (1) Richardson had failed to appear at the hearing despite having been given
notice to do so; (2) Richardson had abandoned his appeal based upon his failure
to appear at the hearing and to cooperate with counsel in preparing his appeal;
and (3) Richardson was in violation of his appeal bond which required
prosecution of his appeal.  The court also concluded that Richardson’s appeal
bond should be revoked and that a capias should be issued for his arrest.

            On June 5, 2008,
the trial court entered a judgment nisi in which it ordered forfeiture of the
$50,000 bond due to Richardson’s failure to appear at the April 17 hearing.  After
he was served with the judgment nisi, appellant filed an answer on July 24,
2008.

            On August 6,
2009, the State filed a motion for summary judgment on the bond forfeiture.  On
September 25, 2009, the trial court held a hearing on the State’s summary
judgment motion and granted the motion.  On October 22, 2009, appellant filed a
motion for new trial which the trial court subsequently denied.  This appeal
followed. 

III.      Analysis

A.    Manner of
Taking Forfeiture 

In
his first issue, appellant contends that the trial court erred in granting
summary judgment because it failed to comply with Texas Code of Criminal Procedure
article 22.02, governing the manner of taking a forfeiture.  Specifically, he argues
that there is no evidence in the record to show that Richardson’s name was distinctly
called at the courthouse door on April 17, 2008, prior to rendition of the judgment
nisi.

When moving for summary judgment in a bond forfeiture
case, the State has the burden of establishing as a matter of law that there
are no genuine issues of material fact as to any of the essential elements of
the State’s cause of action, and that it is entitled to judgment as a matter of
law.  Alvarez v. State, 861 S.W.2d 878, 880 (Tex. Crim. App. 1992) (en
banc).  The essential elements of the State’s cause of action in a bond
forfeiture proceeding are the bond and the judicial declaration of the
forfeiture of the bond, which is the judgment nisi.  Id. at 880–81.

Article
22.02 provides for the manner of taking the forfeiture of a bail bond.  See Tex.
Code Crim. Proc. Ann. art. 22.02 (West 2009).  Specifically, it directs that the
defendant’s name be called “distinctly” at the courthouse door, and that if the
defendant fails to appear within a reasonable time after such call is made,
judgment will be entered for the State on the bond forfeiture.  See id.;
see also Alvarez, 861 S.W.2d at 881.  Thus, to be entitled to forfeiture
of a bond, the State need show only (1) a valid bond; (2) that the defendant’s
name was distinctly called at the courthouse door; and (3) that the defendant
failed to appear within a reasonable time of that call.  Alvarez, 861
S.W.2d at 888.  A judgment nisi is prima facie proof that the statutory
requirements have been satisfied, and the burden is on the defendant to
affirmatively show otherwise.  See id.; Tocher v. State, 517 S.W.2d 299,
301 (Tex. Crim. App. 1975).  Once a prima facie case has been established, the
defendant must then prove that one of the statutory requirements of the
judgment nisi has not been satisfied.  Alvarez, 861 S.W.2d at 881.

Here,
the judgment nisi, which was part of the summary judgment record, recites that Richardson
failed to appear and that his name was called distinctly at the door of the
courthouse.  Thus, the burden was upon appellant to affirmatively show that article
22.02 was not satisfied.  See Tocher, 517 S.W.2d at 301.  In support of
his contention, appellant relies on the fact that the docket sheet does not
reflect that Richardson’s name was called at the courthouse door.  Appellant’s
argument is without merit.  Article 22.02 does not require that the docket
sheet in a bond forfeiture proceeding include a notation that the defendant’s
name was called.  See id. n.2.  The fact that there is no notation on
the docket sheet is not proof that it was not done.  See id.  Instead, there
must be some affirmative proof indicating that the action was not performed as
stated in the judgment nisi.  See id.[1]

Appellant
has not overcome the presumption that the trial court complied with article
22.02 as reflected in the judgment nisi.  We overrule issue one.

B.    
Exoneration from Liability for Forfeiture

In his second issue,
appellant contends that the trial court erred in granting summary judgment
because he was exonerated from liability for forfeiture pursuant to Texas Code
of Criminal Procedure article 22.13, entitled “Causes Which Will Exonerate.” 
Specifically, he argues that the evidence in his motion for new trial demonstrates
that Richardson was arrested within 270 days of the bond forfeiture, thereby
discharging him from liability.

Article 22.13 provides,
in relevant part, as follows: 

(a)  The following causes, and no
other, will exonerate the defendant and his sureties, if any, from liability
upon the forfeiture taken:

. . . .

5.  The incarceration of the principal in any jurisdiction
in the United States:

. . . .

(B) in the case of a felony, at the time of or not
later than the 270th day after the date of the principal’s failure to appear in
court.

Tex. Code Crim. Proc. Ann. art.
22.13(a)5(B) (West 2009).

The record reflects
that Richardson failed to appear at the April 17, 2008 hearing.  On June 5,
2008, the court entered the judgment nisi ordering forfeiture of the bond.  On
September 23, 2009, Richardson was arrested on a charge of evading arrest with
a motor vehicle.  It is clear from the record that Richardson’s arrest and
incarceration occurred more than 270 days after he failed to appear at the
April 17, 2008 hearing.[2] 
As such, appellant is not exonerated from liability under article 22.13(a)5(B).[3]  We
overrule issue two.

C.        Issuance of
the Capias

            In his third issue,
appellant contends that the trial court erred in granting summary judgment
because it failed to comply with Texas Code of Criminal Procedure article 23.05,
entitled “Capias After Surrender Or Forfeiture.”  Specifically, he asserts that
he is discharged from liability because a capias for Richardson’s arrest was
not issued within ten days after the court ordered forfeiture.

Article 23.05(c) provides

. . . . 

(c) A capias under this article must be issued not later
than the 10th business day after the date of the court’s issuance of the order
of forfeiture or order permitting surrender of the bond.

Tex. Code Crim. Proc. Ann. art. 23.05(c)
(West 2009).  At the conclusion of the April 17, 2008 hearing, the court
indicated its intention to issue a capias for Richardson’s arrest and to hold
his bond insufficient; however, a capias did not issue until January 12, 2009. 
Nonetheless, there is nothing in Chapter 23 of the Code of Criminal Procedure suggesting
that failure to issue a capias within ten days of the issuance of the order of
forfeiture is a defense to liability.  To the contrary, article 22.13 lists the
exclusive grounds upon which a surety may be exonerated from liability for
forfeiture of a bond, and the failure to comply with article 23.05 is not one
of them.  See Tex. Code Crim. Proc. Ann. art. 22.13.[4]  We
overrule issue three.

IV.      Conclusion

            We affirm the judgment of the
trial court.                                                                                   

                                                            /s/                    Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P.
47.2(b).









[1]
We note that at the April 17, 2008 hearing, Edwards confirmed to the court that
Richardson was not present at the hearing.





[2]
In support of his position that he is exonerated from liability, appellant
argues that the bond was actually forfeited at a hearing on January 6, 2009
and, thus, Richardson’s incarceration occurred within the 270-day period
prescribed in article 22.13(a)5(B).  As support for his assertion, appellant
relies on the following exchange at the January 6 hearing:

Court:  So I’m anticipating
— is there a warrant currently out?

State:    I don’t believe there is, your Honor.  At
one point we, we, the last time we went through this drill the State moved to
forfeit that bond and that was ordered.  And then that order was withdrawn I
think later the same day.  The appellate counsel asked for some more time, or
what have you, and so here we are again.    

At the
conclusion of the hearing, the State moved for forfeiture of the bond which the
court ostensibly ordered.  However, the record is devoid of any evidence
showing that the judgment nisi rendered on June 5, 2008, had been withdrawn or
was otherwise invalid, or that the court issued a judgment nisi after the
January 9, 2009 hearing.  See Alvarez, 861 S.W.2d at 880–81 (noting
judgment nisi is judicial declaration of bond forfeiture).  Rather, the record
shows that appellant was served with the judgment nisi on July 3, 2008, and
that he filed his answer on July 24, 2008.  We also note that appellant does
not argue on appeal that the statements by the State’s attorney at the January
9 hearing led him to believe that the bond had not been previously forfeited or
that the State is estopped from relying on the judgment nisi entered on June 5,
2008. We conclude that the State’s equivocal statements at the January 6
hearing are insufficient to show that the previously ordered forfeiture was
withdrawn. 

However, even assuming the bond
was not forfeited until January 6, 2009, as appellant contends, his argument
would still be unavailing because under article 22.13(a)5(B), the 270-day
period is calculated from the date that the principal fails to appear in
court, not the date of forfeiture.  Tex. Code Crim. Proc. Ann. art.
22.13(a)5(B) (stating surety is exonerated from liability from forfeiture if
principal is incarcerated “not later than the 270th day after the date of the
principal’s failure to appear in court”).





[3] To preserve error for appellate review, a timely,
specific objection must be made in the trial court.  See Tex. R. App. P.
33.1.  Although the State does not raise the issue of waiver in its brief, we
note that appellant failed to present his argument regarding exoneration to the
trial court at the summary judgment hearing on September 25, 2009, despite the
fact that Richardson had been incarcerated two days earlier on September 23,
2009.  See Castaneda v. State, 138 S.W.3d 304, 323 (Tex. Crim. App.
2003) (en banc) (refusing to consider appellant’s argument that he was
exonerated from liability because surety bond “was not a valid and binding
undertaking in law” where appellant failed to present argument to trial court).





[4]
Appellant also asserts that “without the legal authorization of a capias
issued, the surety has no legal authority to arrest the Defendant.”  However,
article 17.19 of the Texas Code of Criminal Procedure, entitled “Surety may obtain
a warrant,” provides a procedure by which a surety may request that the court
issue a capias for the arrest of the principal.  See Tex. Code Crim.
Proc. Ann. art. 17.19 (West Supp. 2009).  The article further provides that a
court’s refusal to issue a capias is an affirmative defense to liability for
forfeiture of the bond.  See id. (b).  It is clear from the record that
appellant was well aware prior to the April 17, 2008 hearing that Richardson
was no longer communicating with appellant’s office.  Once appellant was aware
of this fact, he could have requested that the court issue a capias, or if the
court refused to issue one, he would have had an affirmative defense to
liability.