# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00201-CV

**Robert Mendez d/b/a A-1 Bonding Company, Surety, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
## NO. 5478, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final judgment in a bond-forfeiture suit. On May 7, 2010, Javier Silva, the principal, was arrested and charged with resisting arrest. Robert Mendez d/b/a A-1 Bonding Company (Mendez), the surety, filed a bond conditioned on Silva's subsequent appearance. On July 26, 2010, Mendez filed an "affidavit to release surety," alleging that Silva was in federal custody. On the same day, the trial court signed an order authorizing the issuance of a capias for the re-arrest of Silva. Silva later failed to appear in court as required. Consequently, the trial court issued a judgment nisi and declared the bond forfeited. *See* Tex. Code Crim. Proc. art. 22.02. Silva was eventually arrested under a failure to appear capias.

Upon notifying Mendez of the bond-forfeiture proceedings, the trial court conducted a hearing to finalize the judgment. At the hearing, Mendez asserted that he could not be liable on the bond because he had been released as a surety on the bond pursuant to article 17.16 of the Texas

Code of Criminal Procedure. The trial court subsequently rendered final judgment against Silva and Mendez, jointly and severally, for the full amount of the bond plus costs. Upon Mendez's request, the court issued findings of fact and conclusions of law. In two issues of appeal, Mendez challenges the trial court's failure to conclude that he had been released as a surety on the bond. We will affirm the judgment.

## ANALYSIS

At a hearing to finalize bond forfeiture, "[t]he essential elements of the State's cause of action . . . are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Alvarez v. State*, 861 S.W.2d 878, 880-81 (Tex. Crim. App. 1992). The judgment nisi is prima facie proof that the statutory requirements for bond forfeiture have been satisfied. *Id*. at 881. The defendant must then prove that the statutory requirements have not been complied with or prove one of the affirmative defenses specified by statute. *Castaneda v. State*, 138 S.W.3d 304, 323 (Tex. Crim. App. 2004).

At the final hearing in this case, the State presented evidence that Mendez was a surety on the bond and that the statutory requirements for forfeiture had been met. In response, Mendez testified that he had filed an "affidavit to release surety" explaining that Silva was in the custody of U.S. Immigration and Customs Enforcement. Mendez also testified that he had informed the trial court of the circumstances and that on July 26, 2010, the trial court issued an order in response to his affidavit to release surety. Both Mendez's affidavit and the trial court's order were admitted as a single exhibit at the hearing. In closing, Mendez argued that he could not be held liable on the bond because the trial court's July 26 order expressly provided for his release.

2

On appeal, Mendez does not dispute that Silva failed to appear before the court as required. Also, Mendez does not argue that the State failed to prove statutory requirements for forfeiture. Instead, in two issues, Mendez challenges the trial court's judgment on the ground that the trial court's July 26 order had previously released him from all liability on the bond. Specifically, in his first issue on appeal, Mendez argues that the evidence is factually insufficient to support the trial court's finding that "[o]n May 7, 2010, Defendant Robert Mendez d/b/a A-1 Bonding Company posted a thirty-two thousand ($32,000) Dollar surety bond to obtain Defendant Francisco Javier Silva's release from Federal custody (ICE)." Second, Mendez argues that the trial court abused its discretion in entering judgment for the full amount of the bond after Silva's re-arrest prior to entry of final judgment.[1]

We first consider whether the trial court's determination that "[o]n May 7, 2010, Defendant Robert Mendez d/b/a A-1 Bonding Company posted a thirty-two thousand ($32,000) Dollar surety bond to obtain Defendant Francisco Javier Silva's release from Federal custody (ICE)" is supported by factually sufficient evidence. In response to Mendez's argument, the State concedes that there is no evidence in the record supporting the finding. However, the State argues that the undisputed evidence in the record *would* support a finding that Mendez posted a $3,200 bond and that the amount of $32,000 is merely a typographical error in the trial court's order.

---

[1] When, as here, the trial court makes findings of fact, those findings are equivalent to findings made by a jury. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 791 (Tex. 1991). We review the trial court's findings for legal and factual sufficiency. *Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 639 (Tex. App.—Austin 2012, no pet.); *see also* Tex. Code Crim. Proc. art. 44.44 (providing that "[bond-forfeiture proceedings] shall be regulated by the same rules that govern civil actions where an appeal is taken"). We review the trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

The parties do not explain, nor is it clear, how Mendez's posting a bond with regard to Silva's federal custody—whether $32,000 or $3,200—is relevant to the trial court's judgment in this case. However, to the extent this fact is relevant to Mendez's defense that he was released as a surety, we will assume without deciding that the evidence supporting it is factually insufficient. Accordingly, we review the trial court's determination that Mendez was liable on the bond in the absence of this fact.

In his second issue on appeal, Mendez argues that he was released from liability on the bond by virtue of the July 26 order issued by the trial court in response to his affidavit to release surety. The order, in its entirety, provides as follows:

> On this the 26 day of July 2010, came to be heard the application of Robert Mendez surety on the bond of the Defendant herein, and the Court being of the opinion that such application be granted, it is therefore, ordered, adjudged, and decreed by the Court that the Clerk be, and he is hereby directed to issue an alias capias for the rearrest of the Defendant, and that *from such time as the Defendant shall be held in custody under a capias from this court, the surety shall be released* and relieved from all further responsibilities and obligation of the said bond.

(Emphasis added.) In its findings of fact and conclusions of law, the trial court found that on May 11, 2011, Silva was arrested and held under a capias issued by the trial court. Mendez argues that based on this finding and the plain language of the trial court's July 26 order, he was released as a surety and that consequently the trial court abused its discretion in entering judgment against him.

Article 17.16 of the Code of Criminal Procedure provides the procedural mechanism that, when followed, releases a surety from his bond obligations. The version of article 17.16 applicable to this case, titled "Discharge of liability; Surrender or incarceration of principal before forfeiture," provides:

4

(a)     A surety may before forfeiture relieve himself of his undertaking by:

        (1)     surrendering the accused into the custody of the sheriff of the county where the prosecution is pending; or

        (2)     delivering to the sheriff of the county where the prosecution is pending an affidavit stating that the accused is incarcerated in federal custody, in the custody of any state, or in any county in this state.

(b)     For the purposes of Subsection (a)(2) of this article, the bond is discharged and the surety is absolved of liability on the bond on the sheriff's verification of the incarceration of the accused.

Tex. Code Crim. Proc. art. 17.16.[2]

"By its plain language, Article 17.16 releases a surety from liability on a bond when verification of the principal's incarceration in another jurisdiction is requested and the sheriff is able to verify that incarceration." *Castaneda*, 138 S.W.3d at 322; *Allegheny Cas. Co. v. State*, 163 S.W.3d 220, 226 (Tex. App.—El Paso 2005, no pet.); *see* Tex. Code Crim. Proc. art. 17.16. Upon verification, the surety is *automatically* released from liability, and no further action by the surety or the court is required. *Castaneda*, 138 S.W.3d at 322. Accordingly, the Court's July 26 order was unnecessary for the purpose of releasing Mendez from liability under article 17.16.

---

[2] Article 17.16 of the Code of Criminal Procedure was amended, effective May 19, 2011. *See* Act of May 5, 2011, 82d Leg., R.S., ch. 87, § 1, 2011 Tex. Sess. Law Serv. 444, 444-45. The undisputed evidence establishes that the bail bond at issue in this case was executed on May 7, 2010, before the effective date of the amendment. *Id*. § 2 (providing that amendment to article 17.16 "applies only to bail bond that is executed on or after the effective date of this Act"). As a result, this case is governed by the prior version of article 17.16, which became effective in 1987. *See* Act effective Jan. 1, 1966, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 377-78, *amended by* Act of June 1, 1987, 70th Leg., R.S., ch. 1047, § 1, 1987 Tex. Gen. Laws 3513, 3513 (codified as Tex. Code of Crim. Proc. art. 17.16). All references to article 17.16 will be to that version.

To be entitled to the affirmative defense of release under article 17.16 in bond-forfeiture proceedings, a surety defendant must raise the defense and ultimately establish that he has fully complied with the terms of the article. *See id*. at 322-23. In this case, Mendez argued before the trial court that he was entitled to a release pursuant to article 17.16.[3] However, Mendez failed to present any evidence tending to show the essential elements of release under article 17.16(a)(2).[4] Upon reviewing the record, we conclude that there is no evidence that Mendez delivered an affidavit regarding Silva's custody to the sheriff of Caldwell County. *See id*. art. 17.16(a)(2).[5] Similarly, there is no evidence that the sheriff verified Silva's federal custody. *See id*. art. 17.16(a)(3). Because Mendez failed to establish the essential elements of his defense under article 17.16 as a matter of law, the trial court did not err in failing to conclude that Mendez had been released from liability on the bond under article 17.16.

On appeal, Mendez also appears to argue that, separate and apart from article 17.16, the trial court's July 26 order released him from liability on the bond upon the re-arrest of Silva. This argument assumes that the trial court (1) had authority to release Mendez from his bond

---

[3] Because the trial court issued findings of fact and conclusions of law, Mendez was also required to request findings in support of his affirmative defense in order to avoid waiver of the issue on appeal. *Intec Sys. v. Lowrey*, 230 S.W.3d 913, 918 (Tex. App.—Dallas 2007, no pet.). Here, Mendez did not file any requested findings on any issue related to his defense of release pursuant to article 17.16 of the Code of Criminal Procedure. Nevertheless, we will assume without deciding that Mendez adequately preserved the issue of release under article 17.16. *See* Tex. R. App. P. 33.1(a)(1)(A) (requiring appellant to demonstrate that complaint was made to trial court by timely request, objection, or motion).

[4] There is no dispute that Mendez did not surrender Silva into the custody of the sheriff. *See* Tex. Code Crim. Proc. art. 17.16(a)(1).

[5] Mendez testified that he "filed an affidavit to release surety." However, it is unclear where Mendez filed the affidavit, and the document does not appear in the clerk's record on appeal.

obligations, (despite Mendez's failure to demonstrate that he complied with the procedures set forth in article 17.16) and (2) was effectively estopped from later retracting its order of release in the subsequent bond-forfeiture hearing. However, Mendez has provided no authority, argument, or citation to the record in support of the proposition that the trial court possesses the authority, whether inherently or by statute, to release a surety from his bond obligations. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record). In addition, Mendez has provided no authority, argument, or citation to the record in support of the proposition that the trial court is estopped in later bond-forfeiture proceedings from modifying or retracting an order of release. Consequently, to the extent Mendez argues that the trial court released him pursuant to some authority other than article 17.16, this argument is waived. We overrule Mendez's first and second issues on appeal.

## CONCLUSION

Having concluded that the trial court did not err in entering judgment against Mendez, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   October 31, 2013

7