**Robert Alton CASPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–03–032 CV.**

Court of Appeals of Texas, Beaumont.

Submitted on Jan. 26, 2004.

Decided Feb. 5, 2004.

Robert Alton Casper, Amarillo, pro se.

Tom Maness, Criminal Dist. Atty., and Emily Rhine, Assistant Criminal Dist. Atty., Beaumont, for State.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

PER CURIAM.

This is an appeal from the forfeiture of an appearance bond. Upon being accused of Class B misdemeanor theft, Robert Alton Casper was released on bail on a $500 cash bond. He failed to appear for trial and capias issued.[1] The judgment nisi ordered the bond to be forfeited. The trial court conducted a bond forfeiture hearing on November 15, 2002. The judgment signed on December 10, 2002, ordered that the State recover from Casper $15.00 plus court costs.

---

**1.** The officer's return recites that Casper was arrested on August 17, 2002.

Appellate jurisdiction in bail bond forfeiture cases is described by statute. "An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise." TEX.CODE CRIM. PROC. ANN. ART. 44.42 (Vernon 1979). Here, the judgment exclusive of costs was for less than twenty dollars. Therefore, we lack jurisdiction over the appeal, and the appeal must be dismissed.

Casper attached a pauper's oath to his request for a free record of his November 15, 2002, criminal trial. No contest was filed. The Rules of Appellate Procedure permit the appellate court to order a party to pay costs to the extent of the party's ability if a party who proceeded without having to pay costs is later able to pay some or all of the costs. TEX.R.APP. P. 20.1(*l* ). We find that the costs of appeal may be satisfied out of the proceeds on file in the registry of the trial court. Therefore, we order the appellant to pay costs to the extent of any proceeds from the cash bond that are on deposit in the registry of the trial court.

APPEAL DISMISSED.