**Opinion issued December 17, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-19-01001-CR

———————————

### ERNEST ADMOREN-NWEKE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Case No. 1648314A**

---

## MEMORANDUM OPINION ON REHEARING[1]

---

[1] Appellant Ernest Admoren-Nweke moves for rehearing and en banc reconsideration of our December 3, 2020 memorandum opinion and judgment. We deny the motion for rehearing but withdraw our December 3, 2020 opinion and judgment and issue this memorandum opinion and a new judgment in their stead. The disposition remains unchanged. Admoren-Nweke's motion for en banc reconsideration is dismissed as moot. *See Buxton v. State*, 526 S.W.3d 666, 671, 692 n.9 (Tex. App.—

Appellant Ernest Admoren-Nweke challenges a final judgment rendered against him in a bail bond forfeiture proceeding.[2] Because the amount of the final judgment is for less than $20, exclusive of costs, and this appeal does not qualify as a restricted appeal, this Court lacks jurisdiction. We dismiss the appeal.

## Background

Ernest Admoren-Nweke was charged with the felony offense of aggravated-sexual assault and released on a $45,000 bond. International Fidelity Insurance Company was the surety for the bond.[3] The bond required Admoren-Nweke to appear in court for all proceedings.

On October 14, 2019, Admoren-Nweke failed to appear in court as required. On October 15, 2019, the trial court signed a judgment nisi, declaring the bond

---

Houston [1st Dist.] 2017, pet. denied); *Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 33 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (op. on reh'g).

[2] The final judgment and other filings in the trial court refer to appellant as "Ernest Admoren-Nweke." A check of the Harris County District Clerk's records in the criminal case, in which the bond was issued, shows that appellant was indicted for the charged offense as "Ernest Admoren-Nweke." We note appellant is an attorney, and he represents himself in this appeal. In his briefing, appellant refers to himself as "Ernest Adimora-Nweke, Jr." and "Ernest Adimora-Nweke." The reason for the discrepancy in appellant's name is unclear; however, we refer to appellant as "Ernest Admoren-Nweke," consistent with the final judgment that he challenges in this appeal.

[3] International Fidelity Insurance Company is not a party to this appeal.

forfeited.[4] The trial court ordered an alias capias to issue for Admoren-Nweke's arrest. Admoren-Nweke was arrested that same day (October 15, 2019) and returned to custody.

International Fidelity answered the forfeiture and filed a motion for remittitur of the bond. The request for remittitur was based on Admoren-Nweke's arrest and re-incarcerated status. *See* TEX. CODE CRIM. PROC. art. 22.13(a)(5)(B) (providing that defendant and his sureties are exonerated from liability on forfeiture in felony case when principal becomes incarcerated "at the time of or not later than the 270th day after the date of the principal's failure to appear in court"); *id.* art. 22.16(b) (stating that, "[f]or other good cause shown and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting costs and the interest accrued on the bond amount").

---

[4]    The judgment declaring the forfeiture is known as a judgment nisi. *See Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992). A judgment nisi is a provisional judgment that is not final or absolute but may become final. *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008). "A judgment nisi is prima facie proof that the statutory requirements [for bond forfeiture] have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Alvarez*, 861 S.W.2d at 881. Once a prima facie case has been established, the burden then shifts to the surety and the defendant to show "good cause why the defendant did not appear." TEX. CODE CRIM. PROC. art. 22.02; *see also Safety Nat'l Cas. Corp.*, 273 S.W.3d at 163 ("Nisi means 'unless,' so a judgment nisi is valid unless a party shows cause why it should be withdrawn.").

On November 18, 2019, the trial court signed a final judgment, determining that "remittitur of all of the amount of the bond after deducting the costs of court and the interest accrued on the bond amount [was] appropriate." The final judgment remitted the full amount of the bond but deducted costs and interest from the remittitur. It also ordered International Fidelity and Admoren-Nweke held jointly and severally liable for costs of court and interest.

Regarding calculation of interest, the final judgment states that, pursuant to Code of Criminal Procedure article 22.13, "interest shall accrue at the interest rate provided by law from the date of forfeiture to the date of [Admoren-Nweke's] incarceration on October 15, 2019." For purposes of article 22.13, "forfeiture" occurs at the time of the judgment nisi. *See Hernden v. State*, 505 S.W.2d 546, 548 (Tex. Crim. App. 1974); *see also* TEX. CODE CRIM. PROC. art. 22.13(b) (providing that surety exonerated under subsection 22.13(a)(5) remains obligated to pay costs and interest, which accrues on bond amount from date of judgment nisi to date of defendant's incarceration). The record shows that the judgment nisi was signed on October 15, 2019, the same day as Admoren-Nweke's incarceration. Because forfeiture and Admoren-Nweke's incarceration occurred on the same date, $0 in interest accrued. Thus, the final judgment against Admoren-Nweke and International Fidelity was for $0 in interest and for costs of court.

Admoren-Nweke appealed the November 18, 2019 final judgment. He filed his notice of appeal on December 17, 2019, within 30 days after the final judgment was signed.

**Appellate Jurisdiction**

Admoren-Nweke contends that this Court has jurisdiction over this appeal pursuant to article 44.43 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 44.43.

**A.    Legal Principles**

Our appellate jurisdiction is prescribed by the Texas Legislature. *Skinner v. State*, 305 S.W.3d 593, 593 (Tex. Crim. App. 2010). A party may only appeal that which the legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992).

Articles 44.42 and 44.43 of the Code of Criminal Procedure govern appeals from final judgments in bond forfeiture proceedings. Article 44.42 provides:

> An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise.

TEX. CODE CRIM. PROC. art. 44.42.

Next, article 44.43 provides:

> The defendant may also have any such judgment as is mentioned in the preceding Article [44.42], and which may have been rendered in courts

other than the justice and corporation courts, reviewed upon writ of error.

*Id.* art. 44.43.

Restricted appeals under Rule of Appellate Procedure 30 replaced the former writ-of-error practice. TEX. R. APP. P. 30 cmt.; *see Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). "The writ of error procedure is now the restricted appeal procedure in Texas Rules of Appellate Procedure 25.1, 26.1(c), and 30." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004).

Code of Criminal Procedure article 44.44 provides that an appeal under article 44.42 or 44.43 "shall be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out." TEX. CODE CRIM. PROC. art. 44.44. Thus, Rule of Appellate Procedure 30 applies to restricted appeals (formerly writ of error appeals) brought pursuant to Code of Criminal Procedure 44.43. *See* TEX. CODE CRIM. PROC. arts. 44.43, 44.44; TEX. R. APP. P. 30; *see also Int'l Fid. Ins. Co. v. State*, No. 10-03-178-CR, 2003 WL 22976423, at *1 (Tex. App.—Waco Dec. 17, 2003, no pet.) (mem. op., not designated for publication) (concluding that appeal of bond-forfeiture judgment was "governed by the same procedural rules which govern civil appeals" and holding that Rule of Appellate Procedure 42.1(a)(1), governing voluntary dismissals for civil appeals, applied to permit voluntary dismissal of appeal).

**B.    Analysis**

6

Admoren-Nweke acknowledges that, because the final judgment here was for less than $20 exclusive of costs, this Court does not have jurisdiction over this appeal pursuant to article 44.42. *See Casper v. State*, 127 S.W.3d 370, 371 (Tex. App.—Beaumont 2004, pet. ref'd) (dismissing appeal from final judgment in forfeiture proceeding because judgment was for less than $20 exclusive of costs). Admoren-Nweke claims, however, that he is entitled to appeal the final judgment by restricted appeal pursuant to article 44.43. We disagree.

As set out above, article 44.43 permits a defendant to "have any such judgment as is mentioned in [article 44.42] . . . reviewed upon writ of error [now a restricted appeal]." TEX. CODE CRIM. PROC. art. 44.43. Presumably, for purposes of article 44.43's application, Admoren-Nweke interprets "such judgment . . . mentioned" in article 44.42 to mean "every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses," as stated in article 44.42, without considering article 44.42's $20 limitation. *See id.* arts. 44.42, 44.43. Even if we assume, without deciding, that such interpretation is correct and that the final judgment here qualifies as "such judgment . . . mentioned" for purposes of asserting a restricted appeal under article 44.43, that does not end our jurisdictional inquiry. The requirements of Rule of Appellate Procedure 30, governing restricted appeals, must also be met. *See id.* art. 44.44.

Rule 30 provides:

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, *or a notice of appeal within the time permitted by Rule 26.1(a)*, may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30 (emphasis added); *see id.* 26.1(a) (requiring notice of appeal to be filed within thirty days after judgment was signed, except that it must be filed within ninety days after judgment was signed if any party filed motion for new trial, motion to modify judgment, motion to reinstate, or request for findings of fact and conclusion of law), (c) (requiring, in restricted appeal, notice of appeal to be filed within six months after judgment or order was signed).

As noted above, Admoren-Nweke's notice of appeal was filed on December 17, 2019, within thirty days of the November 18, 2019 final judgment.[5] Because he filed his notice of appeal within the time permitted by Rule 26.1(a), Admoren-Nweke's appeal is excluded from the scope of a restricted appeal, and we consider the appeal to be an ordinary, unrestricted appeal. *See* TEX. R. APP. P. 26.1(a), 30; *see Charles v. Crown Asset Mgmt., LLC*, No. 05-18-01139-CV, 2019 WL 6317867, at *2 n.1 (Tex. App.—Dallas Nov. 26, 2019, no pet.) (mem. op.) ("[Appellee] urges us to limit our review to errors that 'appear on the face of the record,' as we would in a

---

[5] We note that Admoren-Nweke cited Code of Criminal Procedure article 44.42, not article 44.43, in his notice of appeal filed on December 17, 2019, as the basis for his appeal. One month later, Admoren-Nweke filed an amended notice of appeal, citing articles 44.43 and 44.44.

restricted appeal. . . . But this is not a restricted appeal. The rule providing for restricted appeals excludes parties who, like [appellant], timely file [i.e., within 30 days] 'a notice of appeal within the time permitted by Rule 26.1(a)."); *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 847 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (concluding—in case in which appellant had filed its notice of appeal within 30 days of final judgment—that appellant had "filed [its] notice of appeal within the time permitted by Rule 26.1(a) and therefore fails to meet the requirements of a restricted appeal"); *Barrett v. Westover Park Cmty. Ass'n, Inc.*, No. 01-10-01112-CV, 2012 WL 682342, at *2 n.1 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.) (rejecting appellee's request that appellant's appeal be reviewed as restricted appeal because "rule [30] providing for restricted appeals excepts from its scope parties who, like [the appellant], timely file 'a notice of appeal within the [30-day period] permitted by Rule 26.1(a)'"); *Campbell v. Campbell*, No. 07-02-0436-CV, 2003 WL 22681800, at *2 (Tex. App.—Amarillo Nov. 13, 2003, no pet.) (mem. op.) ("By filing his notice of appeal within 30 days of October 3rd, [appellant's] notice was timely under Rule 26.1(a). . . . Thus, he cannot prosecute this matter as a restricted appeal, and given that his notice was timely, we treat the appeal as we would any other normal, unrestricted appeal.").

We conclude that this appeal does not qualify as a restricted appeal under Rule 30, and the final judgment does not meet the $20 threshold permitting it to be

9

appealed as an unrestricted appeal under Code of Criminal Procedure article 44.42.

Therefore, we hold that this Court does not have jurisdiction over this appeal.

## Conclusion

We dismiss the appeal for lack of jurisdiction.[6] All pending motions are

denied.

Richard Hightower
Justice

Panel consists of Justices Keyes, Hightower, and Countiss.

Do not publish. Tex. R. App. P. 47.2(b).

---

[6] For the first time in in his reply brief, Admoren-Nweke asserts that articles 44.42 and 44.43 are unconstitutional as applied to him. The Texas Rules of Appellate Procedure do not allow an appellant to include new issues in a reply brief that were not raised by the appellant in his original brief. *See* TEX. R. APP. P. 38.3; *Barrios v. State*, 27 S.W.3d 313, 321–22 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Therefore, we do not consider Admoren-Nweke's as-applied constitutional challenges to articles 44.42 and 44.43. *See Barrios*, 27 S.W.3d at 321–22.

10